BERT ONSTOTT v. THE STATE.

No. 3266. Decided October 21, 1914.

1.—False Swearing—Sufficiency of the Evidence.

Where, upon trial of false swearing, the evidence was sufficient to support the conviction, there was no error on that ground.

2.—Same—Evidence—Rebuttal.

Where, upon trial of false swearing, the defendant on cross-examination of a State's witness injected the issue of another transaction into the case, there was no error in admitting evidence in rebuttal.

3.—Same—Suspended Sentence—Charge of Court.

Where defendant filed a plea for the suspension of sentence and the court failed to instruct the jury in regard thereto, but the district attorney contended that the jury could not suspend sentence because it had not been shown that the general reputation of defendant was good in the community in which he lived, and the court refused to submit an instruction withdrawing the same, the same was reversible error.

4.—Same—Rule Stated—Previous Reputation.

Where the accused filed an application for a suspension of sentence, there is but one prerequisite finding that the jury must make, and that is, that he has not theretofore been convicted of a felony in this or any other State, before they are debarred the privilege of recommending a suspension of sentence, if they see proper to do so; although general previous reputation is admissible to assist the jury in determining whether they will suspend the sentence.

Appeal from the District Court of Hood.   Tried below before the
Hon. W. J. Oxford.

Appeal from a conviction of false swearing; penalty, two years im-
prisonment in the penitentiary.

The opinion states the case.

*J. R. Stubblefield* and *Hickman & Bateman,* for appellant.—On ques-
tion of other offenses:   Dugat v. State, 72 Texas Crim. Rep., 39, 160
S. W. Rep., 376; Nobles v. State, 71 Texas Crim. Rep., 121, 158 S. W.
Rep., 1133; Monroe v. State, 56 Texas Crim. Rep., 444; Herndon v.
State, 50 id., 552; Branch's Crim. Law, sec. 338.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of false swearing and
his punishment assessed at two years confinement in the State peni-
tentiary.

The evidence amply supports the verdict of guilty.   The bills of
exceptions in regard to the evidence adduced about appellant having,
prior to the commission of this offense, obtained license for the same.
parties in McLennan County, present no error, inasmuch as the de-
fendant on cross-examination of the first witness injected this issue in
the case, and then when he took the stand in his own behalf, in his
direct examination went voluntarily into this matter fully.   The evi-
dence offered by the State in rebuttal, and to which his objections go,
was admissible as showing that he had not refused to deliver the first
license for the reasons stated by him, but because he was not paid the
amount demanded.   He had placed in the case the issue of suspended
sentence; and the plea he had put up in his testimony that he had not
delivered the first license, because he had learned that the father of the
girl objected, and would not do so; that he had been misled into believ-
ing that the father did not object, etc., certainly rendered the testimony
offered by the State admissible on this issue.

However, before the beginning of the trial appellant filed a plea
asking that in case he was convicted that his sentence be suspended,
alleging that he had never before been convicted of a felony.   The court
in his charge nowhere mentioned this plea, nor instructed the jury in
regard thereto, other than in giving the form of the verdict that they
should render, and appellant objected to the charge because "the same
was incomplete and insufficient, and because it did not properly submit
to the jury the law with reference to the suspension of sentence."   This
objection was most too general, and we would not feel authorized to
reverse the case on account of so general an exception to the charge, if
in connection with other bills in the record, the error was not made so
manifest.   In another bill it is shown that:

"In the closing argument of the district attorney he used the follow-
ing language, in substance:   'Gentlemen of the Jury:   Sec. 2 of the
Act of the Legislature, approved Feb. 11, 1913, providing for a sus-

pension of sentence provides as follows: "The court shall permit testimony and submit the question as to the general reputation of defendant to enable the jury to determine whether to recommend the suspension of sentence, and as to whether the defendant has ever before been convicted of a felony." Under this law, gentlemen of the jury, you cannot recommend to the court that the sentence be suspended, because it has not been shown that the general reputation of the defendant in the community in which he lived was good.'" This argument was promptly excepted to, and the appellant asked that the following special charge be given, which was by the court refused: "Gentlemen of the jury, you are instructed to disregard that portion of the speech of the district attorney, John J. Hiner, wherein he stated that under the law they could not recommend that the court suspend sentence unless they, the jury, find that the defendant, Bert Onstott, had a good reputation in the community where he resided."

The court had not instructed the jury the law regarding a suspension of sentence in his charge, and permitted the district attorney to incorrectly state the law in regard thereto in his argument, and when requested to withdraw such incorrect construction of the law, refused to do so. Where one has filed an application for a suspension of sentence, there is but one prerequisite finding that the jury must make, and that is that he has not theretofore been convicted of a felony in this or any other State, before they are debarred the privilege of recommending a suspension of sentence if they see proper to do so. If the appellant, on trial, has theretofore been convicted of a felony, no suspension can be made under the law. But this is not true as regards his prior general reputation. Evidence as to his previous reputation is admissible under the law, to assist the jury in determining whether they will or will not suspend the sentence. A jury might believe that his previous reputation was not good, and yet there might be mitigating circumstances in the case, and the jury determine, on account thereof, to recommend the suspending of the sentence. The district attorney incorrectly informed the jury, that if they found his previous reputation was not good they could not suspend the sentence. This is not the law.

A suspension of sentence of a term of years in the penitentiary is a valuable right, and where one has never before been convicted of a felony, and as appellant files this plea the trial court should carefully guard this right in having the plea properly presented to the jury. It is true appellant received the lowest penalty authorized under the law, but who can say that if the district attorney had not read this statute, and informed the jury that if they found that appellant's prior reputation was not good, *they could not suspend the sentence,* they would not have recommended a suspension of sentence. This, too, where the court, in his charge to the jury had given them no instructions in regard to the matter. As before said, evidence of prior reputation is admissible to enable the jury to determine whether they will or will not recommend a suspension of sentence, if they find he has not theretofore been convicted of a felony; but if they should find adversely to one on

that issue, they are authorized by the law to recommend a suspension if they should deem it proper to do so.

Because this matter was not properly presented to the jury in the court's charge, and the district attorney was permitted to incorrectly state the law to the jury in his argument, which the court refused to withdraw from the jury, will necessitate a reversal of the case.

Reversed and remanded.

*Reversed and remanded.*