## HADNOT v. STATE. (No. 6271.)

(Court of Criminal Appeals of Texas. Oct. 5, 1921. On Motion for Rehearing, Nov. 23, 1921.)

1. **Criminal law ☞982—One convicted of possession of equipment for making liquor may be given a suspended sentence.**

One convicted of having possession of equipment for making liquor may be given a suspended sentence.

2. **Criminal law ☞982—To be entitled to suspended sentence, evidence must show accused has never before been convicted of felony.**

To entitle an accused to a suspended sentence, the evidence must affirmatively show that he has never before been convicted of felony.

3. **Criminal law ☞982—Proof of good reputation not sufficient to submit question of suspended sentence.**

The right of an accused to submit his right to a suspended sentence cannot be raised except by proof that he had not theretofore been convicted of a felony, and proof of good reputation is not sufficient, though evidence of reputation may be introduced as matter of inducement when the issue has been properly raised.

4. **Intoxicating liquors ☞224—Burden of proof of matters contained in exceptions in the Dean Law rests upon accused.**

In prosecution under the Dean Law for unlawful possession of equipment used in making liquors, the burden of proof that equipment was for medicinal, sacramental, etc., purposes, as excepted in the law, is upon accused.

On Motion for Rehearing.

5. **Criminal law ☞132—Amendment held to amount to repeal of statute, and to require dismissal of prosecutions thereunder.**

An amendment to the Dean Law (Acts 37th Leg. 1921, 1st Called Sess., c. 61), omitting therefrom the making penal of the possession of equipment for the making of intoxicating liquor, amounts to a repeal of the provisions of that law making possession of such equipment a crime, and, under the provisions of other statutes, prosecutions under this law must be dismissed.

Appeal from District Court, Jasper County; Geo. E. Holland, Special Judge.

Arthur Hadnot was convicted of having unlawful possession of equipment for making intoxicating liquor, and he appeals. Reversed and dismissed on rehearing.

Blake & Neel, of Jasper, for appellant.
R. H. Hamilton, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Jasper county of unlawfully having in his possession certain equipment for making intoxicating liquor, and his punishment fixed at one year in the penitentiary.

By his bill of exceptions No. 1 appellant complains of the refusal of his special charge submitting his right to a suspended sentence. The record discloses that an application for suspended sentence was filed and presented to the trial court by appellant, and that no reference thereto appeared in the main charge, and that a special charge submitting said issue was refused.

[1, 2] There is no question but that one on trial for a violation of the Dean Law (Laws 1919, c. 78) may have an application of the law of suspended sentence filed and presented, and in a proper case may be given a suspended sentence as in other felony cases. There is, however, no better settled rule than that to entitle the accused to a suspended sentence, and the submission of such issue, the evidence before the trial court must affirmatively show that he has never before been convicted of a felony. An examination of the record in the instant case reveals the fact that there is not a word of proof supporting the proposition just mentioned. But two witnesses gave testimony, one for the state and one for appellant.

[3] Nothing appears in the testimony of the state witness in any wise relating to the question of appellant's former conviction, and the only matter appearing in the testimony of appellant's witness, one Hancock, is that he had known appellant for many years, and that his reputation was good. This is not enough to raise the issue or justify the submission of the right to a suspended sentence to the jury. They are the arbiters as to whether such sentence shall be given, and appellant's right thereto cannot be raised in a given case except upon proof of the fact that he had not theretofore been convicted of a felony. Under our statutes, when the issue is thus raised, evidence of reputation may be introduced as a matter of inducement to the jury, but in no case should the issue of suspended sentence be submitted in the charge when the only evidence bearing upon the question is that the accused has borne a good reputation. Simonds v. State, 76 Tex. Cr. R. 487, 175 S. W. 1064; Onstott v. State, 75 Tex. Cr. R. 72, 170 S. W. 301. It thus appears that no error was committed in the refusal of said special charge.

[4] Special charge No. 1 given at the request of the state was to the effect that the state need not offer proof of the fact that the equipment found in the possession of appellant was had by him for medicinal, sacramental, scientific, etc., purposes. After mature reflection we have come to the conclusion that the burden of proof as to matters contained in the exceptions set forth in the Dean Law rests upon the accused, and that the state need offer no proof of the negatives necessary in the indictment. P. Robert v. State, 234 S. W. 89, this day decided.

No other complaint appearing in the record, and finding no error, the judgment of the trial court will be affirmed.

On Motion for Rehearing.

[5] Our attention was not called, at the time the original opinion herein was handed down, to the fact that the special session of our Legislature, in its recent amendment to the Dean Law (Acts 37th Leg. 1st Called Sess. 1921, c. 61), omitted therefrom the making penal of the possession of equipment for the making of intoxicating liquor. This of necessity amounts to a repeal of the provisions of said law making possession of such equipment a crime, and other provisions of our statute require that all pending cases against parties charged with violations of such repealed statute, be dismissed. This question was passed upon by this court in Cox v. State, 234 S. W. 531, recently decided.

For the reasons stated, and upon the authority of that case, the motion for rehearing is granted, and the judgment is reversed, and prosecution ordered dismissed.