O. C. EMMONS v. THE STATE.

No. 8710. Delivered April 15, 1925.

Rehearing denied June 10, 1925.

1.—Manslaughter—Evidence—Harmless if Immaterial.

Where appellant complains of the admission of testimony of an immaterial character, of no cogent force, and which could not have injured him, no error is presented.

2.—Same—Evidence—Prejudice of Witness—Proper Inquiry.

Where a witness is introduced by appellant, and gives important testimony in his behalf, it is proper on cross-examination to permit the state to ask such witness as to his feeling toward deceased and his family.

3.—Same—Continued.

So also it was proper on cross-examination of the brother of the defendant to show by him that his family were all mad at the deceased and his family, for the purpose of showing what if anything prompted him to testify favorably for the defense.

4.—Same—Rule of Witness—Permitting Violation of—Discretion of Court.

Where the rule is invoked on the trial of a case, and a deputy sheriff not placed under the rule was permitted to testify for the State, no reversible error is shown. Such matters are left largely to the discretion of the trial judge, and in the absence of abuse of such discretion, no injury is shown.

5.—Same—Charge of Court—On Murder—Immaterial—Conviction for Manslaughter.

Where the conviction is for manslaughter, and objections are raised to the court's charge on malice and murder, such complaint, if error would be eliminated.

6.—Same—Charge of Court—Entire Charge Considered.

Where objection is raised to a part of the court's charge on manslaughter the entire charge on that issue will be considered, in determining whether there is merit in such objection. Following this rule, we find no error in the court's charge in this case on manslaughter as a whole.

7.—Same—Charge of Court—Uncommunicated Threats—Properly Refused.

While it is necessary under our statutes for the court to charge the jury on communicated threats, when that issue is raised by the evidence, it is

not proper nor necessary in any case to give a charge on uncommunicated threats. Following Dunne v. State, 263 S. W. 608, opinion on rehearing 615. Also see Branch's Criminal Law, Sec. 482.

#### 8.—Same—Charge of Court—On Threats—Held Proper.

Appellant complains of two sections of the court's charge on threats. This charge follows literally approved forms, and the objection that it is upon the weight of the evidence, and places the burden of proof on the defendant, cannot be concurred in by us.

Appeal from the District Court of Freestone County. Tried below before the Hon. J. A. Bell, Judge.

Appeal from a conviction of manslaughter; penalty, three years in the penitentiary.

The opinion states the case.

*Williford & Geppert, Edwards & French,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was charged by indictment with murder by shooting and killing Mack Ryno with a pistol on or about the 4th day of September, 1923, in a barber shop at Wortham. in Freestone County, and was tried and convicted of manslaughter in the district court of said county on January 14, 1924, and his punishment assessed at three years confinement in the penitentiary; from which conviction he has appealed to this court, seeking a reversal of the judgment of the trial court upon alleged errors of said court as shown by his bills of exceptions 1 to 15 inclusive.

The evidence in the case shows that the defendant shot the deceased twice and shot at him the third time while he was running across the street from said barber shop. It is further shown from the record that both defendant and deceased were young men about nineteen or twenty years of age and had former trouble between them on two different occasions, in which the deceased appeared to be the aggressor, and that he had on several occasions made serious threats against the life of defendant and had drawn a knife on the defendant on one occasion and armed himself with a pistol apparently for the purpose of attacking the defendant. The evidence further tended to show that the defendant's general reputation was that of a quiet, peaceful, law-abiding citizen and that of the deceased of an overbearing nature and one likely to carry into execution his threats. Some of said threats had been made known to the defendant prior to the homicide and some had not. In short, the testimony adduced by the State on the trial tended to show and was to the effect that at the time of the homicide he deceased was unarmed and was

making no demonstration or doing or saying anything tending to show that he intended to carry any threats into execution at the time that the defendant shot him. Upon the other hand, the evidence adduced upon the part of the defendant and his witnesses was in effect tending to show—and especially that of the defendant himself—that at the time of the homicide the deceased was advancing upon him with his right hand behind him and with a vicious look, and that he shot in the protection of himself and in his own self-defense.

The above is a sufficient statement of the facts in the case to base our opinion upon the questions raised by the bills of exceptions.

Appellant complains of the action of the trial court in permitting the witness Joe Battle to testify in behalf of the State, while explaining the location of the shop and the actions of the defendant and the deceased and with reference to the movements of the deceased, "but he is trying to get away", because same calls for the conclusion of the witness.

We think the court's explanation of this bill shows it harmless; and, furthermore, the testimony of the witness Day is to the same effect, in that it shows that at that time the deceased was running towards the door, and in fact the undisputed testimony shows that at the time mentioned by the witness the deceased was running away from the defendant.

In bill of exception No. 2 appellant complains of the court's permitting counsel for the State to ask the witness Demming as to the feeling between the witness and the Ryno family. In view of the court's qualification and explanation of the bill, we see no error in that particular.

In bill of exception No. 3 appellant complains of the court's action in permitting the State to ask the defendant's brother if the officers of Navarro County had not searched his father's premises, and in permitting the witness to answer in the affirmative, and to ask said witness if they all did not get mad at the Rynos. The court's explanation of this bill, we think, eliminates it from any error complained of by the appellant; and, besides, under the facts as stated it occurs to us that the State was entitled on cross-examination to ask the witness the questions for the purpose of showing what, if anything, prompted him to testify favorably to the defense and in order to give the jury all the circumstances in order to weigh the testimony of said witness.

In bill of exception No. 4 the defendant complains of the action of the court in permitting the deputy sheriff, after the rule had been invoked, to testify in behalf of the State. It appears from the bill that said testimony was not offered on any material issue in the case, but was more in the nature of impeachment. Furthermore, such matters are left largely to the discretion of the trial judge, and, in

absence of abuse of such discretion, there is no reversible error. We see no merit in this bill.

In appellant's bills of exceptions Nos. 5 and 6 complaint is made of the court's charge pertaining to malice and murder; but. in view of the verdict of the jury, finding the defendant guilty of manslaughter, such complaint, if error, would be eliminated.

In bill of exception No. 7 appellant complains of the court's charge on manslaughter, wherein the court charges the jury:

"That the provocation must arise at the time of the commission of the offense, and that the passion is not the result of a former provocation."

The court also, in this connection, charged the jury:

"Although the law provides that the provocation causing sudden passion must arise at the time of the killing, it is your duty in determining the adequacy of the provocation, if any, to consider in connection therewith all the facts and circumstances in evidence in the case, and if you find that by reason of anything the deceased did or by reason of any threat or threats made by deceased toward the defendant, if any, that the defendant's mind at the time of the killing was incapable of cool reflection, and that said facts and circumstances, if any, were sufficient to produce such state of mind in a person of ordinary temper, then the proof as to the sufficiency of the provocation satisfies the requirements of the law."

Taking this portion of the charge given, in connection with the other portions of the charge on manslaughter, we see no error therein.

In bill of exception No. 9 appellant complains of the thirteenth paragraph of the court's charge, wherein the court limits the threats to those that had been communicated to the defendant, appellant assigning as a reason for said complaint that the court, in effect, took from the consideration of the jury the evidence of all threats made by the deceased against the defendant which were not communicated to the defendant, and, in effect, contends that the court should have charged the jury on uncommunicated threats as well as communicated threats.

In Branch's Criminal Law, Sec. 482, and the authorities therein cited, it is set out:

"The court should charge that if defendant believed that the deceased had threatened the life of defendant, and this threat had been communicated to the defendant before the homicide, and at the time of the homicide deceased by some act then done manifested an intention to execute the threat, viewed from the standpoint of the defendant, then the defendant had the right to kill"——citing numerous authorities.

It appears that the court was following the law as laid down above. Besides, in the case of Dunne v. State, 263 S. W. 608, opinion on

rehearing 615, this court, through Judge Hawkins, held that it is not necessary for the court to charge on uncommunicated threats. We therefore hold that there was no error committed by the court in this particular.

Appellant also complains in bill of exception No. 11 of the sixteenth paragraph of the court's charge, as follows:

"Although you may believe that deceased made threats to take defendant's life which were made in defendant's presence, or were communicated to him, yet if you find from the evidence, beyond a reasonable doubt, that at the time defendant shot him, if he did, the deceased, Mack Ryno, did or was doing no act which from defendant's standpoint reasonably appeared to him to indicate or manifest an intention on deceased's part to carry his threats, if any, into execution, then you are instructed that the defendant could not justify himself on the ground of threats against him" —— because it is alleged ⁄that said charge is on the weight of the evidence, places the burden of proof on the defendant, and takes from the defendant the right to have the transaction viewed from his standpoint at the time he acted. The court fully charged on the burden of proof as being upon the State and upon reasonable doubt and told the jury in his charge that they would have to view the matter from the defendant's standpoint alone, and we find no error in this bill, especially when taking the whole charge into consideration. Besides, we believe it was the duty of the court to charge on this phase of the case, as the testimony raised that issue.

Appellant complains of the following portion of paragraph 15 of the court's charge, set out as the first section of said paragraph 15:

"When a defendant accused of murder seeks to justify himself on the ground of threats against his own life, he is permitted to introduce evidence of the threats made, but the same shall not be regarded as affording a justification for the killing, unless it be shown that at the time thereof the person killed, by some act then done, manifested an intention to execute the threats so made" —— because it is contended that this charge is on the weight of the evidence, puts the burden of proof on the defendant, and deprives the defendant of the right to be judged by the matters and transactions as they appeared to him at the time he acted. We fail to see any error in this charge from the exceptions taken in this bill. When the court's charge is taken into consideration as a whole, it covers all the objections raised by this bill, and we therefore overrule appellant's contention.

The above objections as set out in the bills of exception are the only objections urged by appellant in his brief. However, we have examined the other bills in the record, and, after a careful consideration of the entire record, we are unable to agree with the

contentions made by the appellant in this case. Appellant in his brief has not favored us with any authority on any point raised by him, and we are of the opinion that he has found none sustaining his contentions, or same would have been cited.

The record in this case discloses a case where it was largely left to the discretion of the jury as to which witnesses the jury would believe—that is, whether they would believe the testimony of the defendant and his witnesses or the testimony of the State's witnesses; and the jury having passed upon all the facts and returned a verdict of manslaughter, which is fully sustained from the testimony of the State in this case, and the court having submitted all phases of the case—murder, manslaughter, self-defense, apparent and real danger, and threats—we find no error in the record, and therefore affirm the judgment of the lower court.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant predicates his motion for rehearing upon the disposition heretofore made of the questions raised by bills of exception one, two and three, and of his criticism of the fifteenth paragraph of the charge. ·We have again given attention to these particular matters. The portion of the charge at which exception was directed is a literal copy of Article 1143 of the Penal Code. After setting it out as the general statement of the law, the court then makes application of it in language which furnishes no ground of complaint whatever. The explanation of the court, which became a part of the bills of exception referred to when accepted by appellant with the explanation attached, makes it clear that the evidence elicited over objection was pertinent and proper under the circumstances stated.

The motion for rehearing is overruled.

*Overruled.*