### WILL BRITTON V. THE STATE.

No. 10898.   Delivered May 11, 1927.

**1.—Murder—Bill of Exception—Incomplete—No Error Shown.**

Where a bill of exception complains of the refusal of the court to permit a witness to answer a question, and sets out the question propounded, but fails to state what the answer would have been, this court cannot supply the omission, and such bill presents nothing for our determination. See Townsley v. State, 281 S. W. 1054, and Murff v. State, 281 S. W. 1076.

**2.—Same—Evidence—Opinion of Witness—Properly Excluded.**

After being permitted to testify that the witness told appellant shortly after the homicide not to go down the road to his home, but to go across the field, there was no error in excluding the further testimony of this witness that he knew the reputation and character of the Houghs (the deceased), and knew that if appellant went down the road they would kill him. This excluded testimony was only the opinion of the witness.

**3.—Same—Evidence—Not Relevant—Properly Excluded.**

Where appellant was on trial charged with the killing of Kelly Hough, there was no error in excluding testimony of the witness, Mrs. Sam Todd, that Wren Hough, brother of deceased, had made advances to her at her home, such testimony not being relevant to any issue presented upon the trial.

**4.—Same—Remarks of Prosecuting Attorney—No Injury Shown.**

Where a witness was asked if she was related to appellant during her examination, and the District Attorney made the remark that he objected to showing any family relationship to Will Britton (appellant), and that Will Britton was not the keeper of that section, while improper, could not have been harmful to appellant.

**5.—Same—Bill of Exception—Incomplete—No Error Shown.**

Where appellant complains of questions propounded to his wife on cross-examination by the state, and his bill of exception presenting the matter fails to show what answer the witness made to the questions, if any, no error is shown. See Hennington v. State, 101 Tex. Crim. Rep. 12.

**6.—Same—Requested Charge—Covered in Main Charge—Properly Refused.**

Where appellant complains of the refusal of his special charge on the law of threats, and the court's main charge correctly presented the law on this issue, the requested charge was properly refused.

Appeal from the District Court of Rusk County. Tried below before the Hon. R. T. Brown, Judge.

Appeal from a conviction of murder, penalty six years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of murder, and his punishment assessed at six years in the penitentiary.

The record discloses that the appellant and a neighbor by the name of Wren Hough were not on very friendly terms, and that on August 27, 1926, the appellant, while returning from Timpson

and at a point in the public road near his home and that of the said Hough, shot and killed the latter with a shotgun, the shooting being witnessed by Hough's two sons, Kelley and Grady. Appellant snapped his gun at Kelley and Grady Hough after the shooting, and upon the gun's failure to fire; he ran to the home of one Todd nearby, secured his gun, and started across the field in the direction of his home, carrying both guns. It appears that at this time Wren Hough was not dead, and that his son Kelley ran to their home for the purpose of telephoning for a doctor and procuring a truck with which to remove his father from the scene of the trouble to his house. In order for Kelley Hough to return with the truck to the scene of the shooting it was necessary for him to travel over a road which ran in front of appellant's house, and as he was passing appellant's residence, appellant killed him by shooting him two or three times with a gun. It was for this homicide that appellant was tried and convicted in the instant case.

It was the contention of the state, and evidence was introduced to that effect, that Kelley Hough and Grady Hough were unarmed when appellant shot their father, and that Kelley Hough, at the time of his death at the appellant's hands, was merely driving down the road in a truck at a rapid rate in order to assist in getting his father to their home, and was doing nothing more. The state also introduced evidence to the effect that when appellant fired the first shot, deceased jumped out of the truck and attempted to run away, but that appellant continued to shoot until he fell.

The appellant defended upon the ground of threats and self-defense. He testified, and introduced other testimony to the same effect, that Wren Hough had obstructed the road at the place where the first homicide occurred, and that when he stopped his automobile for the purpose of removing the obstruction, the said Wren Hough stepped upon the running board of his car and was assaulting him with a hammer when the shooting occurred. He further testified that Kelley and Grady Hough began shooting at him immediately, and that, upon learning that his gun would not fire, he ran to Todd's house and later went home. It was also contended by appellant that when Kelley Hough was passing his house after the first shooting, he was driving a truck with one hand and had a gun in the other, and was attempting to shoot him, appellant, at the time of the homicide.

The record contains six bills of exception. In bill No. 1 appellant complains of the action of the court in refusing to require

the state's witness Grady Hough, on cross-examination, to answer the following question:

"Don't you know as a matter of fact that Will Britton, the defendant, in the presence of your father and brother, Kelley Hough, refused to go to Tyler and testify in your father's behalf, and that this made them mad at the defendant?"

The court sustained the state's objection to this question, and the appellant excepted to the court's action on the ground that if the witness had been permitted to answer said question it would have been shown that there were "hard feelings" between the deceased and his father and the defendant. This bill, however, fails to certify what the answer of the witness to said question would have been, and without such a certificate this court is unauthorized to consider the bill or conjecture what said answer would have been. Townsley v. State, 281 S. W. 1054; Murff v. State, 281 S. W. 1076. It further occurs to us that the question would have called for an opinion and conclusion on the part of the witness.

In bill of exception No. 2 appellant complains of the refusal of the court to permit him to show by the witness Todd why he advised appellant to go across the field instead of going back around the road after appellant left the witness' house with the borrowed gun. The appellant contends that if the witness had been permitted to testify he would have stated that his reason for giving said advice was that he knew of the reputation and character of the Houghs and knew that if appellant went down the road they would likely kill him. The court did not err in refusing to permit the witness to testify to these conclusions. The court qualifies this bill by stating that he permitted the appellant to prove everything that was said and done by him at the residence of the witness Todd, and that there was no contention made to the effect that the court refused to permit appellant to prove the general reputation of said deceased parties.

In bill No. 3 appellant complains of the refusal of the court to permit him to prove by the witness Mrs. Sam Todd that Wren Hough, prior to the date of the alleged homicide, made improper advances to her at her home. The court qualifies this bill by stating that the appellant was upon trial for the killing of Kelley Hough, and that the evidence sought to be introduced in no manner involved the said Kelley Hough. This bill shows no error.

In bill No. 4 complaint is made to a certain statement of the District Attorney. It seems that Mrs. Sam Todd was recalled to the stand and asked if she was related to the appellant, which

she answered in the negative. The District Attorney, in objecting to this testimony, stated that he objected to showing any family relationship to Will Britton and that Will Britton was not the keeper of that section of the country, so far as he knew. This bill, as presented, shows no error. We are unable to see how the remarks of the District Attorney could have been harmful to the appellant.

In bill No. 5 complaint is made to the action of the State's Attorney in asking appellant's wife, on cross-examination, if it were not a fact that deceased was "right there next to your house when the shot was fired, and that he (deceased) just jumped out of the truck and run down the road and your husband was squatted down behind some vines near the side of the road." The objection urged to this question was that the witness did not see the shooting, and was not examined by the defendant as to how it occurred, and the state was not authorized, upon cross-examination, to inquire into the matter. This bill fails to show what answer the witness made, if any, and, as presented, shows no error. Hennington v. State, 101 Tex. Crim. Rep. 12, 274 S. W. 599.

Bill No. 6 appears to be a complaint to the refusal of the court to give a special charge on the law of threats requested by appellant. The general charge properly presented the law of threats, as raised by the facts in this case, and the trial court did not err in refusing to give the special charge requested.

Finding no error in the record, the judgment of the trial court is affirmed.                                                    *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Morrow, P. J., not sitting.