GEORGE MCROBERSON v. THE STATE.

No. 13887.   Delivered February 4, 1931.
Rehearing Denied April 29, 1931.

406

*Johnson & Millwee,* of Colorado, Texas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Conviction is for the murder of W. L. (Bo) Morgan, with the minimum punishment of two years in the penitentiary assessed.

The State's evidence shows that both the appellant and deceased were negroes. Deceased had just been released from jail a few hours before he was killed. The deceased went to a negro barber shop to get a hair cut. While the deceased was seated in the barber chair, the appellant came through said shop and went out and in a few minutes came back, while the deceased was still in said chair and while the barber was still cutting his hair, and began firing at the deceased. The first shot went wild and struck a bystander. The appellant continued to shoot the deceased and when deceased was struck and fell to the floor, he continued to shoot into the body as it lay on the floor, and killed the deceased.

It was appellant's contention that some five or six weeks prior to the homicide a difficulty arose between him and the deceased over a dispute as to the loan of some money and that on this occasion the deceased attacked the appellant with a knife, inflicting several wounds on his person; that as a result thereof the appellant was confined to bed for a number of days and that the wounds did not heal for a long period of time; that the deceased threatened to kill the appellant if he ever had him arrested for this offense, and that also various threats against appellant were in evidence, some of which were shown to have been communicated to the appellant prior to the homicide. It was appellant's contention that he did not know the deceased was in the barber shop at the time he went in there, and that as he approached the deceased, he saw him making demonstrations with his hands as he drew them from the apron which was around his neck, and that upon such demonstrations he fired in self-defense.

The case was submitted to the jury on the law of self-defense and the court also charged on the law of threats.

By bill of exception No. 1 complaint is made of the court's charge in submitting the law of self-defense, the complaint being that the court

charged on actual danger in connection with the charge on apparent danger and that the charge on actual danger was not called for by the evidence and that a charge on actual danger or real danger was prejudicial to the appellant and was calculated to confuse the jury. The fact that the court might have charged on actual danger in connection with the charge on apparent danger or the demonstrations as shown by the evidence of appellant on the part of deceased was a matter that inured entirely to the benefit of the appellant and could not in any manner prejudice his rights. We think that the testimony of the appellant called for a charge on actual as well as apparent danger, but if not, the charge was more favorable to appellant than it would otherwise have been, notwithstanding the fact that the appellant may have claimed that he only fired because of the demonstrations or from apparent danger. We do not believe that the appellant could have been in any manner prejudiced by the charge on real danger. Because the charge given was not required will not necessarily require the reversal of a conviction where it appears to be harmless or inures to the benefit of accused. Surrell v. State, 29 Texas Crim. App., 321, 15 S. W., 816; Travelstead v. State, 105 Texas Crim. Rep., 101, 287 S. W., 53; Neuvar v. State, 72 Texas Crim. Rep., 410, 163 S. W., 58.

Complaint is made of the charge on threats by bill of exception No. 2. As we view appellant's contention here it is that the court should have charged on the law of uncommunicated threats and that the charge as given was not sufficient to cover the charge on uncommunicated threats. The law does not require the court to charge on uncommunicated threats. Dunne v. State, 98 Texas Crim. Rep., 7, 263 S. W., 609; Emmons v. State, 100 Texas Crim. Rep., 264, 273 S. W., 253. The court gave the appellant the full and complete benefit of all the evidence on his rights under the law of threats and properly applied them to the facts.

By bill of exception No. 5 complaint is made of the charge on malice. While it is true that the trial court's charge defining malice aforethought was not strictly in accordance with the usual approved charges and should not be followed, and conceding that the definition of malice aforethought was not strictly correct, there does not seem the slightest probability that such incorrect definition could have contributed to the size of the verdict and apparently the case was not disposed of by the jury on the issue of malice because the appellant received the minimum penalty of two years in this case. Therefore if there was any error in the charge on malice, it was rendered harmless.

By bill of exception No. 6 complaint is made of the failure of the court to charge on successive shots, that is that if the first shot was justified, it was immaterial as to how many shots were fired subsequently. Appellant's rights under the court's charge were in no manner restricted

as to the first shot or any shot. In addition thereto, the court at the request of the appellant gave the following special instruction: "As a part of the law of this case, and to be considered by you along with the main charge of the court, I give you the following: If you believe from the evidence under the foregoing charges of this court, in this cause, as the same is applied therein to the law of self-defense, that the defendant George McRoberson, under all the facts and circumstances, was justified in firing first shot at deceased, then the defendant had the right to continue to shoot so long as danger, real or apparent, considered from the defendant's standpoint, continued to exist."

While the testimony is not clear as to just what shots killed the deceased, the special instruction in our opinion cured whatever error there might have been in the court's main charge.

By bill of exception No. 7 complaint is made of the action of the court in permitting appellant's witness, Dr. J. P. French, on cross-examination by the State, over objection of the appellant, to testify as follows: "The defendant's wounds did not heal so rapidly.. No. That fact as to whether it was caused by the wounds themselves and by the fact that the defendant had syphilis; well, I just surmised that was true, there was no blood test made and no active symptoms, but I did give him some shots for syphilis. I did diagnose his failure to effect a cure as being attributable to the fact that I believed he had syphilis, yes, without a blood test I thought so."

Said bill also complains of said witness being allowed over appellant's objection on re-cross-examination by the State to further testify as follows: "After he got a reaction from the shots, the wounds healed. There was no evidence of the wounds healing until after that."

The appellant had put said witness upon the stand for the evident purpose of proving not only the nature of the wounds inflicted upon the appellant by deceased, but also the length of time that the appellant was confined to his bed by reason thereof and also how long it took said wounds to heal. The appellant had already proved by an eye-witness the transaction between the appellant and deceased at the time he was cut. The appellant had injected into the case by the testimony of the witness Dr. French the question of the time which the appellant was confined in bed and the time required for said wounds to heal for the obvious purpose of showing the seriousness of the wounds claimed to have been inflicted by the deceased upon the appellant, and it was therefore very pertinent and material to the State to be able to show that the reason that they did not heal was because of the fact that the appellant was afflicted with syphilis, rather than because of the wounds themselves. It was not error to admit evidence respecting a matter which the accused injected into the case and concerning which he had voluntarily placed

said evidence before the jury. Onstott v. State, 75 Texas Crim. Rep., 72, 170 S. W., 301.

By bill of exception No. 8 complaint is made of the action of the trial court in refusing to permit the appellant to prove by one of the State's eye-witnesses to the homicide that prior thereto he was present when the deceased had beaten another negro up with a forty-five and cut him with a knife. No predicate was laid as to the time, circumstance or otherwise that would authorize this testimony to be admissible. Neither is there anything shown in the bill that the appellant knew anything of the transaction before the homicide. Proof of specific acts of violence on the part of deceased is not admissible if there is no evidence that the appellant knew of these matters prior to the homicide. Branch's P. C., Sec. 2094; Harper v. State, 75 Texas Crim. Rep., 124, 170 S. W., 721, 723; Echols v. State, 75 Texas Rep., 369, 170 S. W., 789; Patterson v. State (Texas Crim. App.), 56 S. W., 59.

Bills of exception Nos. 3 and 4, directed at the charge of the court, are deemed to be without merit and not necessary to be discussed.

No reversible error appearing in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his well prepared motion appellant renews complaint of the definition of malice aforethought as given in the charge. It seems to us that in giving to the jury, in substance, what was formerly a definition of express malice aforethought, the trial court erred in favor of appellant and placed an undue burden on the State, and that appellant having been found guilty and his punishment fixed at two years, thereby indicating that the jury believed him to have been without malice at the time of such homicide, we have no doubt that our disposition of this complaint was correct in the original opinion.

The fact that deceased, prior to the fatal difficulty, had cut appellant, and the serious nature and extent of the wounds then inflicted, and that appellant suffered many days therefrom,—was proven by appellant as original defensive testimony. Evidently to show, in so far as it might, that appellant's suffering was not alone from the cuts then inflicted, and that the length of time same took to heal was not because of the extent or nature of the wounds inflicted, we think it proper for the doctor, who gave evidence for the appellant, to be asked on cross-examination and to testify that appellant suffered from these unhealed wounds until, after

obtaining a history of his case, said doctor treated him for syphilis, and that thereafter the wounds healed.

Not being able to agree with appellant's contentions, the motion for rehearing will be overruled.

*Overruled.*