## B. T. GILLEAN v. THE STATE.

No. 14824.   Delivered June 8, 1932.
Rehearing Denied October 12, 1932.
Reported in 53 S. W. (2d) 60.

The opinion states the case.

*McKinney & Berry,* of Cooper, and *W. B. Collie* and *Grisham, Patterson & Grisham,* all of Eastland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, murder; the punishment, two years in the penitentiary.

The facts in brief are as follows: The appellant and deceased were neighbors and had known each other for some years. Several years prior to the homicide the appellant had purchased a tract of land from the deceased in Lamar county, the consideration being $500 cash, with the remainder in vendor lien notes. The land was afterwards turned back to the deceased by appellant and there seems to have grown up, at least on the part of the deceased, some ill feeling towards the appellant by reason thereof, and appellant offered evidence tending to show that deceased had used epithets towards the appellant, and there was evidence to show that the wife of appellant and a man by the name of Delaney had communicated the fact of deceased's ill feeling toward the appellant to him prior to the homicide. The evidence showed that the appellant had been carrying his gun with him when he was around his premises, and it was also the contention of the appellant that his wife accompanied him because of fear of violence from the hands of the deceased.

The killing occurred about 11 o'clock on Sunday morning. The testimony showed that a pathway led by the barn of appellant, and was used customarily in going from the home of the deceased to church.

The state's witness, Mrs. Gaines, testified that on the morning of the homicide deceased left her house, starting to go to church, and she saw the deceased traveling along the pathway, and was able to see him as he neared and got to the barn of the appellant, and she heard a shot fired and saw the deceased stagger. Her testimony was to the effect that so far as she could see the deceased was doing nothing at the time except traveling up that pathway on his way to church.

The body of the deceased was found by some children lying right in the pathway about eighty-five or ninety steps from the barn of the appellant. No weapon was found upon the body of the deceased. The children who found the body ran to appellant's house and informed him of the fact and his only reply was, "He is?"

Appellant admitted the killing and stated that he killed the deceased in self-defense; his contention being that, at the time the deceased approached the barn, appellant was putting some water under the barn for his chickens, and, when he first saw the deceased, he was coming towards him and deceased said to him, "You God d— old Holiness s— of a b—, I guess I've got you this time"; that he had his right hand behind him, and appellant did not know whether he had anything in it or not. The appellant then moved back into the hallway of the barn to a trough in which was lying his 38 Winchester rifle, and he grabbed it and fired one shot, which struck the deceased in the right side and from the effect of which deceased died.

There are several bills of exception reserved to the receipt of the testimony of the sheriff and others to the effect that appellant stated to them just before his arrest that he had shot the deceased and showed them the gun with which the shooting was done. The bills complaining of the admission of said testimony are not before us in proper form, but, assuming that said bills are sufficient to require a review of the action of the court in admitting the declaration in question, we note the qualificacion of the trial judge to said bills to the effect that the appellant went on the stand and testified that he shot the deceased and testified to the manner of the shooting and identified the gun shown the witness while on the stand as being the gun that he shot the deceased with, and that appellant's wife also testified to the same facts. Ordinarily, the receipt of improper testimony will not bring about a reversal when the same evidence from another source is before the jury without objection. This principle is applicable here. Rogers v. State, 26 Texas App., 404, 9 S. W., 762; Walker v. State, 17 Texas App., 16; Johnson v. State (Texas Crim. App.), 26 S. W., 504; McLaughlin v. State, 109 Texas Crim. Rep., 307, 4 S. W. (2d) 54; Upton v. State (Texas Crim. App.), 20 S. W. (2d) 794.

Complaint is also made by bill of exception to the action of the trial court on motion of the state's attorney in instructing the jury to disre-

gard certain testimony sought to be offered by the appellant by the witness Kerbow, who, after testifying that he was a son-in-law of the appellant and intimately knew the deceased, testified that just prior to the homicide he had heard the deceased make a statement at the church house near the appellant's farm to the effect that, if "the old son of a b— got anything off of him he would have to take a gun and get it." The witness on further examination by the state stated that he did not know what he meant at the time; that there was not any impression created on the witness' mind that in using the language the deceased had any reference to the appellant, and appellant's name was not mentioned in that connection. The court permitted the appellant to prove all threats, acts, or demonstrations on the part of the deceased which had been communicated to appellant or of which he had knowledge or information. It occurs to us that the question and the evidence excluded in answer thereto would have called for an opinion and conclusion on the part of the witness as to who the deceased meant when he used the language testified to, and was therefore not admissible. See Mercer v. State, 111 Texas Crim. Rep., 657, 13 S. W. (2d) 689; Crockett v. State, 45 Texas Crim. Rep., 276, 77 S. W., 4; Britton v. State, 107 Texas Crim. Rep., 32, 294 S. W., 541.

A number of bills of exception pertain to the testimony of the wife of the appellant on cross-examination, and all of said bills, as qualified by the trial judge, show that the testimony and questions complained of were germane and pertinent to the testimony given on her direct examination. As so qualified, they show no reversible error. "The wife of defendant may be cross-examined as to the matters testified to by her on direct examination, and the State is entitled to ask her who was present, as to their equipment, her opportunity for observation, and other questions as tending to show the accuracy of her direct testimony, and may apply the usual tests of cross-examination as to all matters germane and pertinent to her testimony given on her direct examination." Branch's Ann. Penal Code, sec. 152. See, also, Taylor v. State, 74 Texas Crim. Rep., 3, 167 S. W., 56, 59; Roberts v. State, 74 Texas Crim. Rep., 150, 168 S. W., 100, 113; Hampton v. State, 45 Texas, 154.

Bill of exception No. 23 complains that while the appellant was testifying on cross-examination, after he had testified with reference to a conversation he had with one L. F. Delaney a short time before the killing, state's counsel, over the objection of appellant, asked appellant whether Mr. Delaney on that occasion told him that the deceased had told him about his relationship with Mr. and Mrs. Gaines. The bill shows that the appellant objected to the question and the court sustained appellant's objection, whereupon the following question was asked, "On Wednesday of this week before Jim Hill was killed, on Sunday, that is on Wednesday of the week before that, which would be the second Wednesday before

Jim Hill was killed on Sunday, did Mr. Delaney come to your barn and did Mr. Delaney tell you on that occasion that Jim Hill was the first man who told him of your relationship with Mr. and Mrs. Joe Gaines?" to which the appellant answered, "No sir." Appellant objected to the question and asked that the answer be excluded because it was immaterial, irrelevant, and not pertinent to the offense for which the defendant was being tried, and same was inflammatory and prejudicial, which objection was overruled by the court.

This bill of exception does not set out such facts or so much of the evidence as verifies the truth of the objection interposed and enough of the surrounding facts and circumstances are not stated to enable this court to determine the merits of the bill and the correctness of the ruling involved and to show that the evidence was inadmissible and the ruling was erroneous and hurtful to the cause of the appellant. See Holliman v. State, 108 Texas Crim. Rep., 92, 299 S. W., 249; McDaniel v. State, 112 Texas Crim. Rep., 498, 17 S. W. (2d) 821; Moore v. State, 111 Texas Crim. Rep., 63, 11 S. W. (2d) 322.

The appellant complains that while the court charged on the law of communicated threats, he did not charge on uncommunicated threats. There was no necessity for the court to charge on uncommunicated threats. This has been the holding since the decision in Dunne v. State, 98 Texas Crim. Rep., 7, 263 S. W., 608-615. See, also, Emmons v. State, 100 Texas Crim. Rep., 264, 273 S. W., 253; McRoberson v. State, 117 Texas Crim. Rep., 405, 38 S. W. (2d) 82.

The record before us discloses that nineteen special charges were requested by the appellant, one or two of which were given by the court and the others refused. There also appears in the record some forty-six bills of exception and also some eighteen general objections to the court's charge. The majority of said bills of exception are in question and answer form, and are unaccompanied by the certificate of the trial judge showing the necessity therefor in order to elucidate the facts or questions involved. Other of said bills of exception complaining of the admission of testimony do not set out such facts or so much of the evidence as would verify the truth of the objection interposed, and enough of the surrounding facts and circumstances are not stated to enable this court to determine the merits of the bills and the correctness of the rulings involved and to show that the evidence was inadmissible and the rulings were erroneous and hurtful to the cause of the appellant. The main charge of the court, considered together with the special charges given, appears to have fairly presented the law of the case, and no error is perceived which in our opinion is so prejudicial to the rights of the appellant as would call for a reversal.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant renews his objection to the indictment upon the ground that it recited that the indictment was returned by the "Grand jurors" of Delta county instead of saying the "Grand jury" of Delta county. The question has been before this court in other cases, many of which will be found collated in the latest opinion written by us holding against appellant's contention. See Davis v. State, 120 Texas Crim. Rep., 330, 49 S. W. (2d) 805, 807, and authorities cited.

The conclusion that admitting the testimony of the sheriff and others as to what appellant said after being arrested, to the effect that he shot deceased and shot him with a gun, was rendered harmless, if error, by the fact that when appellant took the stand as a witness in his own behalf he affirmatively testified to the same thing, is supported by too many cases to need citation of authorities.

It is manifest that a bill of exception complaining that a witness was not permitted to say why he did not communicate "those vile epithets to your uncle" is insufficient when the bill does not set out the epithets, nor any fact or facts showing the materiality of admitting the reason why the witness did not so communicate same to appellant.

There are several bills complaining of the rejection by the trial court of indefinite threats made by deceased, in each instance it appearing that no one was referred to in same, and that the witness by whom appellant offered to prove same did not know to whom reference was made, and the bills presenting the complaints set out no state of facts from which the trial court or this court could conclude that the threat was directed toward appellant.

We have gone over each complaint renewed by appellant in his motion, and are more fully convinced, after such consideration than before, that the case was properly disposed of in our original opinion. The testimony seems sufficient to support the conclusion that, because of differences and ill-feeling arising from a land trade, appellant shot and killed deceased while the latter was passing his barn, and that the killing was because of a prior difficulty. The jury have seen fit to give appellant the lowest term for murder. He was ably defended by counsel who seem to have tried to save and present every point.

Finding no error in the original disposition of the case, the motion for rehearing will be overruled.

*Overruled.*