## EX PARTE J. D. DAVIS.

### No. 3263.   Decided November 15, 1905.

**1.—Murder—Habeas Corpus—Former Acquittal—Constitutional Law.**

Under the provision of the Constitution that if a person has been once put upon trial and has been acquitted in a court of competent jurisdiction he shall not be put upon trial again for said offense, a person who has been acquitted of murder in one county can not be tried again in an adjoining county for the same offense, even if said offense was committed in said last named county, and the accused will be discharged under writ of habeas corpus to the Court of Criminal Appeals.

**2.—Same—Court of Competent Jurisdiction—Fraud—Change of Venue—Case Stated.**

Where the homicide was committed near the county line between C. and N. counties, and the relator was indicted in C. County and thereafter was also indicted in N. County for the same offense, and was duly tried in the District Court of C. County and was acquitted, after he had objected to the venue and had withdrawn the same, a formal legal judgment of acquittal having been rendered; thereupon relator being arrested and arraigned on said charge in N. County, interposed a plea of former acquittal in C. County, which the court overruled and he was tried and convicted in said District Court of N. County, the evidence tending strongly to show that the alleged murder was committed in said N. County at a place more than four hundred yards from the line of C. County; this verdict, however, was set aside on account of misconduct by the jury and relator confined in the jail of N. County, to await the further action of the district court of said county. Held, there appearing nothing in the record tending to show fraud, on the part of the District Court in C. County, and that it was a court of competent jurisdiction to try relator for the offense charged, that he be discharged from custody under the writ of habeas corpus. Approving: Ex parte Moore, 10 Texas Ct. Rep., 505; Ex parte Mixon, 35 Texas Crim. Rep., 458.

From Nolan County.

Original application for habeas corpus for release from custody, under plea of former acquittal of the same offense in another county in a court of competent jurisdiction.

The opinion states the case.

*Snodgrass & Dibrell,* for appellant.—On question of power of Court of Criminal Appeals to issue writ of habeas corpus: Section 14 Bill of Rights; chapter 5, section 5, Constitution, 1891; Ex parte Kearby, 35 Texas Crim. Rep., 634; Ex parte Degener, 30 Texas Crim. App., 566; Perry v. State, 41 Texas, 488; Brill v. State, 1 Texas Crim. App., 152; Ex parte Crofford, 47 S. W. Rep., 533; Griffin v. State, 5 Texas Crim. App., 457. On question of jurisdiction of the court: Murchison v. White, 54 Texas, 78; Freeman on Judgment, 131; Guillford v. Love, 49 Texas, 715; Fitch v. Boyer, 51 Texas, 336; Williams v. Ball, 52 Texas, 603; Collins v. Miller, 64 Texas, 118; Martin v. Robinson, 67 Texas, 368; Article 5, section 8, Constitution of Texas; Church on Habeas Corpus, sec. 368; Ex parte Siebold, 100 U. S., 371; Ex parte Wilson, 114 U. S., 417; In re Bonner, 151 U. S., 242.

*Howard Martin,* Assistant Attorney-General, for the State.—On question of former acquittal: Hooper v. State, 30 Texas Crim. App., 412; Simco v. State, 9 id., 338; Methard v. State, 19 Ohio, 363; Campbell v. People, 109 Ill., 565.

On question of jurisdiction: 17 Am. and Eng. Enc. Law., 588; Com. v. Call, 32 Am. Dec., 284; Pyles v. State, 11 Texas Ct. Rep., 732; Moss v. State, id., 763; Liggett v. State, id., 764; Wright v. State, 8 id., 395.

HENDERSON, JUDGE.—This is an original application for the writ of habeas corpus before this court for the release of applicant, who stands charged with the offense of murder in Nolan County. The following are the admitted facts: That relator killed A. P. Smith, on or about July 29, 1904. The homicide was committed near the county line between Coke and Nolan Counties. On September 23, 1904, the grand jury of Coke County indicted relator for the alleged murder of deceased, the venue being charged in Coke County. Thereafter on November 17, 1904, the grand jury of Nolan County indicted relator for said alleged murder, alleging the venue in Nolan County. Thereafter on February 27, 1905, relator was duly arraigned and tried in the District Court of Coke County, and was upon said trial by the jury of Coke County acquitted of the offense charged in said indictment. A judgment of not guilty was rendered upon said verdict. On the trial the question of venue was made an issue in said case. Appellant at the outset controverted the same, and the proof tended to show that the homicide was committed in Nolan County, but within four hundred yards of the Coke County line. After contesting said question of venue, the relator is shown to have withdrawn his opposition to the same, and conceded the jurisdiction of the court. A formal and legal judgment was properly entered on the verdict of the jury acquitting defendant. It is further shown that thereafter, to wit: At the April Term of the District Court of Nolan County, relator being under arrest in Nolan County for said homicide, was again brought to trial. Relator objected to his being tried, and pleaded his former acquittal in the District Court of Coke County as a bar to his further prosecution in the District Court of Nolan County. However, the court forced him to trial, but submitted his plea to the jury, with instructions to find relator not guilty if the homicide occurred within four hundred yards of the Coke County line, but to disregard the acquittal in Coke County and inquire into the merits of the case, if the killing was committed in Nolan County and not within four hundred yards of the Coke County line. On the trial the evidence tended strongly to show that the alleged murder was committed in Nolan County at a place more than four hundred yards from the line of Coke County. The trial resulted in a conviction of murder in the second degree, but the verdict was set aside on account of the misconduct of the jury. Relator is confined in the jail

of Nolan County to await the further action of the district court of said county. It is alleged that the judge and district attorney of said District Court of Nolan County will put relator upon trial in said case at the next term of said court. The question presented for our consideration is, does the verdict and judgment of acquittal, rendered in the District Court of Coke County, exonerate relator from further prosecution in the District Court of Nolan County for the same offense?

In the first place, the jurisdiction of this court to interfere by writ of habeas corpus is questioned, it being insisted that applicant can fully protect his rights by an appeal. Section 14, Bill of Rights provides, as follows: "No person for the same offense shall be twice put in jeopardy of life or liberty; nor shall a person be again put upon trial for the same offense after a verdict of not guilty in a court of competent jurisdiction." This provision would seem to make a distinction between jeopardy and a verdict of not guilty in a court of competent jurisdiction. As to the latter, the language is emphatic: that if the person has once been put upon trial for the same offense and acquitted, in a court of competent jurisdiction, he shall not be put upon trial again for said offense. The only way we know to avoid a second trial, where the lower court is proceeding with said trial, is to interpose the writ of habeas corpus; and the statutes and our decision give us great latitude in the issuance of such writ. Ex parte Degener, 30 Texas Crim. App., 566; Ex parte Kearby, 35 Texas Crim. Rep., 634. We accordingly hold that we have the right to inquire as to applicant's alleged illegal restraint under the writ of habeas corpus.

Can applicant be again tried for the offense of which he was acquitted in Coke County, in Nolan County? This involves the question as to whether or not the Coke County District Court was a court of competent jurisdiction to try said offense. We are inclined to the view that by the expression, "court of competent jurisdiction" as here used, is meant a court that has jurisdiction of said offense; that is, a court authorized to take jurisdiction of the offense of murder, and that could have taken jurisdiction of this murder under any circumstances. We do not understand that there was any fraud in the exercise of jurisdiction by the District Court of Coke County, even if it be conceded, which is at least doubtful, that the district court and the officers thereof, could be charged with fraud in assuming jurisdiction. The State is the actor in bringing about indictments for offenses and in trying parties therefor. Only in misdemeanors, where there is no information, is it presumed that a person may voluntarily submit himself to the jurisdiction of the court; and so practice a fraud on the tribunal. In such cases it is provided by statute that he can be tried for a higher grade of offense than that for which he was convicted. As stated, it does not appear that there was anything tending to show fraud on the part of the tribunal in Coke County, where the indictment was found, and the relator brought to trial. The proceedings appear to have been

regular. Applicant contested the venue, but after proof was submitted, showing the offense occurred within four hundred yards of the Coke County line, he withdrew his opposition and conceded the venue. Now, if relator had been convicted, instead of acquitted, and he had appealed, and the proceedings appeared to be regular and the judgment affirmed by this court, could he by any means relieve himself of the judgment of conviction? Under all the authorities he would be considered in jeopardy, and would have been compelled to abide the judgment of the court, notwithstanding he might subsequently be able to show very clearly that the homicide occurred four hundred yards beyond the county line. Here, however, there was an acquittal, and the statute passed in consonance with the constitutional provision, provides that where he is acquitted, though the proceedings be irregular, he cannot again be tried for the same offense.

In Ex parte Moore's, 10 Texas Ct. Rep., 505, it was held by this court that where the venue in a murder case was erroneously transferred from Lamar to Fannin County, relator in that case reserving his exception, and the case was subsequently tried in Fannin County, and relator there acquitted of murder in the first degree, that when the case was afterwards retransferred to Lamar County, he could not again be put upon trial for murder in the first degree, having been acquitted of that offense. There is no question that the change of venue here was erroneous, and irregular, sufficiently so to reverse the case; yet an acquittal would operate as a bar, notwithstanding the Fannin court had not regularly acquired jurisdiction. It was a court of competent jurisdiction to try said offense and under some circumstances could have tried it.

In Mixon's case, 35 Texas Crim. Rep., 458, under an indictment charging appellant with murder, he was convicted of manslaughter. It was held that the indictment was void and would not sustain the conviction. Still it was ruled that having been acquitted of the offense of murder, either of the first or second degree, he could not be again put upon trial for said offenses. In that connection it was said: "If the prosecution has once placed a defendant upon trial, and the court is one of competent jurisdiction to try an offense of the character charged, and a jury has once rendered a verdict of not guilty as to said offense, no matter how irregular the procedure may have been, the State can never again place the defendant upon trial for that offense of which he had been acquitted. Such we understand to be the meaning of the Constitution, and such the provisions of our Code of Criminal Procedure. And in this case, appellant having once before for the same offense, been put upon trial, and the jury having on said trial rendered a verdict of manslaughter, it was, as we have seen, a complete acquittal of the charge of murder in the first and second degrees; and no matter how defective the indictment was, the State could not again put him upon trial for said offense of which he had been previously acquitted."

In this particular case on the trial in Coke County, the venue, giving the court jurisdiction, was proven; and the case regularly tried there and relator acquitted of the same murder charged against him in Nolan County, and on which he has since been once tried and which the District Court of Nolan County again seeks to put him upon trial. We hold that, under the circumstances of this case, it cannot be done. For the State to subject a man to repeated trials, after he has been acquitted, in different counties, where the homicide occurs near the county line, it occurs to us would be not only unjust but oppression.

It is therefore ordered that the District Court of Nolan County shall not again put relator on trial for said homicide of which he has been acquitted in Coke County, and that he be finally discharged.

*Relator discharged.*