RALPH BROWN V. THE STATE.

No. 10109.   Delivered June 2, 1926.

**Manufacture of Intoxicating Liquor—Statement of Facts—Time of Filing.**

The trial court cannot grant an extension of time for filing a statement of facts, beyond the time limit fixed by our statute. Art. 760 C. C. P. of 1925 concludes with these words: "But the same shall not be so extended as to delay the filing thereof within ninety days from the date the notice of appeal is given." The statement of facts before us was filed after this time limit had expired, and cannot be considered by us.

Appeal from the District Court of Jefferson County. Tried below before the Hon. Geo. C. O'Brien, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Blain & Jones* of Beaumont, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful manufacture of intoxicating liquor, punishment fixed at confinement in the penitentiary for one year.

Notice of appeal was entered on the 22nd of October, 1925. Ninety days were allowed within which to file a statement of facts. The statement and the bills of exceptions were filed February 13, 1926. On January 13, 1926, an additional allowance of time of thirty days was made. The statute permitting the extension of time (Art. 760, C. C. P., Rev. of 1925) concludes with these words:

"* * * but the same shall not be so extended as to delay

the filing thereof within ninety days from the date the notice of appeal is given."

Observance of this statutory provision compels this court to sustain the objection of the state's attorney to the consideration of the statement of facts and bills of exception.

The indictment appears regular, and there being no facts or complaints of the procedure properly before this court, it has no chance but to order that the judgment be affirmed. It is so ordered.

*Affirmed.*