## Jose Arredondo v. The State.

### No. 10506.   Delivered February 2, 1927.

#### 1.—Murder—Evidence—Harmless if Error.

Where on a trial for murder, the state was permitted to prove that the appellant was born in Mexico, and "crossed the bridge," there being nothing in appellant's bill of exception showing injury to him, the admission of the testimony, if error, was harmless.   Unless a bill of exception within itself is sufficient to manifest error, this court will assume that the ruling of the trial court was correct.   Following Kitchen v. State, 101 Tex. Crim. Rep. 439, and other cases cited.

#### 2.—Same—Bill of Exception—Multifarious—Presents No Error.

Where a bill of exception presents the objection to testimony, a part of which is admissible, and a part inadmissible, such bill is multifarious, and presents no error.   Following Link v. State, 73 Tex. Crim. Rep. 82.

#### 3.—Same—Evidence—Impeaching Deceased Properly Rejected.

There was no error in refusing to permit appellant to prove by the constable that he had received some complaints during the year preceding the homicide, concerning the deceased's disorderly conduct, the character of such disorderly conduct not being shown, and it not appearing that appellant knew of such conduct prior to the homicide, or in any manner acted upon such conduct.   See Branch's Ann. P. C., Sec. 2094; Patterson v. State, 56 S. W. 59;  Willis v. State, 49 Crim. Rep. 142.

#### 4.—Same—Evidence—Harmless if Error.

Where the state was permitted to prove that the father of deceased put up a cross to mark the spot where the deceased was killed, there being nothing in appellant's bill complaining of the matter to show injury, the testimony was harmless, if erroneously admitted.

#### 5.—Same—Sufficiency of Evidence—Question for Jury.

Where on a trial for murder, the appellant having testified that he killed the deceased when he was advancing upon him with a knife, and in his own self-defense, it was within the province of the jury to credit or reject his testimony.   This court has many times held that the jury is not bound by the testimony of the appellant, although uncontradicted, because of the interest prompting appellant to testify in his own favor. See Hawkins v. State, 270 S. W. 1025; Horak v. State, 273 S. W. 601.

Appeal from the District Court of Nueces County.   Tried below before the Hon. A. W. Cunningham, Judge.

Appeal from a conviction of murder, penalty twenty years in the penitentiary.

The opinion states the case.

*H. R. Sutherland* and *I. M. Singer* of Corpus Christi, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of murder, and his punishment assessed at 20 years in the penitentiary.

It was the contention of the state that the appellant, on June 7, 1925, with malice aforethought, shot and killed Antonio Morales with a pistol and then placed a knife in the hands of the deceased. The appellant admitted the homicide, but defended upon the ground of self-defense, contending that the deceased was advancing upon him with a drawn knife when the fatal shot was fired.

The record discloses four bills of exception. Bill No. 1 complains of the action of the court in permitting the state to prove by appellant on cross-examination his age, that he was born in Mexico, and "crossed the bridge" at Laredo. The objection urged is that the testimony was immaterial and prejudicial, because the appellant was a Mexican citizen. This bill, as presented, shows no error. There is nothing to be gleaned from the bill by which we can determine that this evidence was prejudicial to the appellant. The rule established by this court is that a bill of exception must of itself be sufficient to manifest error; otherwise, the court will assume that the ruling of the trial court was correct. Kitchen v. State, 101 Tex. Crim. Rep. 439, 276 S. W. 252; Canterberry v. State, 101 Tex. Crim. Rep. 550, 275 S. W. 1040; Scott v. State, 101 Tex. Crim. Rep. 598, 276 S. W. 283; also see Vernon's C. C. P., Art. 667 (31), for collation of authorities. The objection to this testimony also goes to the entire evidence, a part of which, especially as to appellant's age, was clearly admissible. A general objection to all the testimony, when a part of same is admissible, without specifying what part of the testimony was objected to, is insufficient. Link v. State, 73 Tex. Crim. Rep. 82, 164 S. W. 987.

Bill of exception No. 2 complains of the action of the court in refusing to permit the appellant to prove by the constable O. N. Wright, on his examination in chief, that during the year preceding the homicide he had received some complaints concerning deceased's disorderly conduct. There was no error in refusing to admit this character of testimony. There is nothing in the bill showing the nature of the disorderly conduct sought to be inquired into, and nothing to show that the appellant, prior to the homicide, was informed of, or in any manner acted upon, such conduct. This character of evidence as to specific acts of deceased unknown to appellant is inadmissible. Branch's Ann. P. C., Sec. 2094, citing Patterson v. State, 56 S. W. 59, Willis v. State, 49 Tex. Crim. Rep. 142, and many other authorities.

Bill No. 3 complains of the action of the court in permitting the witness Gremmel to testify that the father of the deceased put up a cross to mark the spot where the deceased was killed, which cross remained for several months thereafter. The objection urged to this testimony was that the cross was erected while the appellant was in jail and was placed approximately at the spot, and not at the exact spot, where the body was found. This bill, as presented, shows no error. We fail to see in what manner the appellant could have been injured by this character of testimony.

Bill No. 4 complains of the action of the court in overruling appellant's motion for a new trial on the ground that the evidence of the state was insufficient to show that the appellant was not acting in self-defense at the time of the homicide. This bill merely brings up the question of the sufficiency of the evidence to warrant the verdict of the jury, and sets out the fact that the state introduced no evidence contradicting the testimony of the appellant to the effect that he shot the deceased while the latter was advancing upon him with a drawn knife. This court has frequently held that the jury is not bound by the testimony of the appellant, although uncontradicted, because of the interest prompting appellant to testify in his own favor. Hawkins v. State, 270 S. W. 1025; Horak v. State, 273 S. W. 601. After a careful examination of the entire record, we are unable to agree with appellant's contention that the evidence was insufficient to warrant the verdict of guilty, and are of the opinion that the evidence of the state, which was accepted by the jury, was amply sufficient for them to reach the conclusion that the appellant was guilty as charged.

Finding no error in the record, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.