MAZIE FISHER AND OLIVIA WOODSON V. THE STATE.

No. 11161. Delivered November 16, 1927.

Rehearing denied January 11, 1928.

1.—Theft From the Person—Bills of Exception—Incomplete—Present No Error.

A mere statement of a ground of objection in a bill of exception, is not a certificate of the judge that the facts which form the basis of the objection are true. The bills of exception under consideration being insuffi-

cient to manifest error, we must presume that the ruling of the trial court was correct. See Branch's Ann. P. C., Sec. 207, p. 132. James v. State, 138 S. W. 612.

### 2.—Same—Evidence—Held Sufficient.

Where, in addition to the testimony of the owner of the stolen property the state introduced the confession of both appellants, admitting the theft, this evidence was sufficient to support the verdict.

#### ON REHEARING.

### 3.—Same—Reproducing Testimony—Predicate—Held Sufficient.

Where the state, as a predicate for admitting the testimony of John Duffy, owner of the stolen property, taken at the examining trial, disclosed that at the time of the commission of the offense Duffy was temporarily living in Corpus Christi, but had been absent therefrom at the time of the trial for some six months, had not been heard from since leaving; that officers were unable to locate him with process, and that he had on the eve of his departure stated that he was going to California, the predicate was sufficient to authorize the reproduction of his testimony given on the examining trial. The state may establish by circumstantial evidence that a witness has removed from the state. See Parker v. State, 18 Tex. Crim. App. 72, and other cases cited on rehearing.

### 4.—Same—Continued.

The statute, Art. 750 C. C. P., expressly permits the reproduction of testimony of a witness taken upon an examining trial, who, since testifying, has removed from the state, or is dead, is not violative of the Bill of Rights contained in Art. 1, Sec. 10 of the Constitution of this state. See Young v. State, 82 Tex. Crim. Rep., and precedents there collated.

### 5.—Same—Bills of Exception—Incomplete—Present No Error.

Where bills of exception taken to the introduction of the reproduced testimony of an absent witness contain no recitals of the facts which were before the trial court do not convey to this court any information touching the sufficiency of the predicate, it is incumbent on one complaining of the admission of evidence to show that in receiving it the court committed error. See Brown v. State, 43 Tex. Crim. Rep. 294, and Branch's Ann. P. C., Sec. 210.

Appeal from the District Court of Nueces County. Tried below the Hon. A. W. Cunningham, Judge.

Appeal from a conviction for theft from the person, penalty two years in the penitentiary against each appellant.

The opinion states the case.

*D. S. Purl* and *L. Hamilton Lowe* of Corpus Christi, for appellants.

*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, Judge.—The offense is theft from the person, the punishment confinement in the penitentiary for two years.

Appellants have brought forward for review six bills of exception.

An inspection of the first four bills of exception shows that they are insufficient to manifest error. No evidence verifying the truth of appellants' objections is incorporated in said bills. A mere statement of a ground of objection in a bill of exception is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. See Branch's Ann. P. C., Sec. 209, p. 134; Edelin v. State, 281 S. W. 1078. A bill of exception should be made so full and certain in its statements that, in and of itself, it will disclose all that is necessary to manifest the supposed error. Branch's Ann. P. C. Sec. 207, p. 131; James v. State, 138 S. W. 612. The bills of exception under consideration being insufficient to manifest error we must presume that the ruling of the trial court in admitting the testimony objected to was correct. The legal presumption is that the ruling of the trial court was correct, unless the bill of exception shows otherwise. Branch's Ann. P. C., Sec. 207, p. 132; James v. State, supra.

By bills of exception Nos. 5 and 6 appellants challenge the sufficiency of the evidence. The evidence is amply sufficient to support the verdict of the jury and the judgment rendered thereon.

The record discloses that appellants were in company with the injured party, Duffy, and that they snatched a pocketbook containing seventy-two dollars from his pocket and ran out of his sight. On the trial the state introduced the voluntary statements of appellants wherein they confessed that they took the injured party's pocketbook from his pocket, ran out of his sight, and divided the money. Shortly after the commission of the offense officers recovered the stolen money from appellants.

Finding no error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Criminating facts are embraced in the testimony of John Duffy to the effect that his pocketbook containing a sum of money was taken from his pocket by the appellants. Duffy was not present at the trial but was a witness at the examining trial, and his testimony there given was reproduced upon the instant trial. A part of the bills of exceptions are addressed to the rulings of the court in receiving evidence of circumstances going to show that Duffy was permanently out of the state at the time of the trial. The evidence upon the subject embraced in the bills consisted of testimony to the effect that at the period when the offense was committed Duffy was sojourning in Corpus Christi and employed by a certain light company, that at the time of the trial he had been absent from Corpus Christi for some six months, that none of his associates had seen or heard from him for six months, that the efforts of the officers to locate him under process had been futile; that Duffy, on the eve of his departure, stated that he had lived in California and intended to return there. It was competent for the state to establish by circumstantial evidence the fact that Duffy had removed from the state, and the testimony set out in the bills was competent and relevant for that purpose. See Parker v. State, 18 Tex. Crim. App. 72; Conner v. State, 23 Tex. Crim. App. 384; Jamail v. State, 99 Tex. Crim. Rep. 127, and numerous cases therein cited.

Two other bills complain of the proof of the examining trial and of the reproduction of the testimony of Duffy. Against the receipt of the testimony of the Justice of the Peace to the effect that an examining trial had been had and the identification of the written testimony of Duffy given thereon objections were urged that the testimony was irrelevant and immaterial, and that no proper predicate had been laid for introducing the testimony of Duffy in the absence of positive proof that he was beyond the jurisdiction of the court. The objection urged against the reproduction of Duffy's written statement was in substance as that above mentioned, and in addition, that the defendants were entitled to be confronted by the witnesses against them. The statute expressly permits the reproduction of testimony given upon the examining trial when preserved under the formalities required by the statute. See Art. 750, C. C. P., 1925. That the statute permitting the reproduction of testimony of a witness who, since testifying, has removed from the state or is dead, is not violative of the Bill

of Rights contained in Art. 1, Sec. 10 of the Constitution, has been repeatedly declared and is the settled law of this state. See precedents collated in Young v. State, 82 Tex. Crim. Rep. 260. The sufficiency of the predicate for the introduction in evidence of the reproduced testimony of Duffy was primarily for the trial court to decide. Over the objections mentioned, the trial court decided that the reproduced testimony was admissible. On appeal, the legal presumption is in favor of the correctness of the court's ruling unless the bill of exceptions shows the contrary. Moore v. State, 7 Tex. Crim. App. 20, and other cases collated in Branch's Ann. Tex. P. C., p. 132, Sec. 207, Subd. 3.

The bills of exceptions taken to the introduction of the reproduced testimony of Duffy, containing no recital of the facts which were before the trial court, do not give this court any information touching the sufficiency of the predicate, and consequently are not sufficient to inform this court that in receiving the testimony the learned trial judge was wrong. It is incumbent on one complaining of the admission of evidence to show that in receiving it the court committed error. See Brown v. State, 43 Tex. Crim. Rep. 294, and cases collated in Branch's Ann. Tex. P. C., Sec. 210.

Duffy's testimony is direct and definite evidence of the guilt of the accused. It is not controverted. On the contrary, the confession of each of the appellants was introduced in evidence and contains a full confession of guilt. Moreover, there was proof that the confessions led to the finding and recovery of seventy-two dollars in money (thirty-six dollars from each of the appellants), which had been taken from the person of Duffy. Even if there was merit in the bills, the record is such as to demand an affirmance of the conviction.

The motion for rehearing is overruled.

*Overruled.*