HOMER MOORE v. THE STATE.

No. 12036. Delivered November 28, 1928.

The opinion states the case.

*Ross Huffmaster* of Kaufman, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

There are five bills of exception in the record. The first complains because the State was permitted, over objection, to ask appellant's witness Hefner whether appellant upon some trial in Ellis county was convicted of a certain offense or got a suspended sentence. The objection made was that the testimony was prejudicial, immaterial, irrelevant and hearsay. There are no facts stated in the bill by which this court can appraise the objections made. In fact the bill merely states that the witness gave certain testimony to which certain objections were made. That ends the matter as far as the bill is concerned. This is insufficient to bring anything before us for review. The same situation is presented in the second bill of exceptions in which it is stated that a certain witness was asked a question,—not obviously hurtful or aside from any issue in the case, and that it was objected to because it was immaterial and irrelevant. The rules are well settled that each bill must make manifest not only what was done but from a recital of the facts,—so that we may be able to see that the things done were hurtful to the cause of appellant, and unless this is done the bill is of no value.

Bill of exceptions No. 3 sets up all the grounds of the motion for new trial and recites same was overruled, to which the defendant objected. Such bill is obviously insufficient. There appear no matters extraneous to the record in such motion.

Bill of exceptions No. 4 shows that at a certain stage in the proceedings appellant renewed application for continuance theretofore made by him. We fail to see the relevance of the facts stated in the

application, which appear to be that the absent witnesses would testify that they moved from Kaufman county about the 25th of September, 1928, and that this defendant went with them for the purpose of picking cotton, and that he desired to prove that he went with said witnesses for such purpose in order to meet what he thought would be a claim on the part of the State that he fled the county to evade arrest. In as much as the allegations of the indictment are that the alleged sale of liquor was made on or about the 19th of March, 1927, and that it appears from the record herein this case was tried in February, 1928, we can not perceive the relevance of the proposed absent testimony. The first process issued for such absent witnesses appears to have been in February, 1928, and manifests no diligence.

Bill of exceptions No. 5 complains of the refusal of the original application for continuance based on the absence of the same witnesses. We think neither bill of exceptions shows any error.

Being unable to agree with any of the contentions made, the judgment will be affirmed.

*Affirmed.*