L. E. BLACK v. THE STATE.

No. 12087. Delivered January 16, 1929.

The opinion states the case.

*Conrad E. Smith* of Houston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment confinement in the penitentiary for 12 years.

Appellant and Charles C. Horton were tried jointly. Appellant prosecuted a separate appeal.

The sufficiency of the evidence is challenged. The state relied upon circumstantial evidence which, in our opinion, is sufficient to support the conviction. L. H. Brown ran a store in Highland. On

Friday, October 28th, 1927, appellant and Horton entered Brown's place of business and purchased a package of cigarettes. Appellant engaged Brown in conversation relative to real estate values in Highland, stating to Brown that he "had made the boom in Florida and felt like the next boom was going to be here." He said he wanted to buy about 15 or 20 acres for a poultry farm. During the time appellant and his companion were in the store they went from the front of the store to approximately the back end. They had entered the front door, but left by way of a side door. As the parties were leaving the store, Brown asked appellant to leave him his name as he wanted to file it as a prospective customer. Appellant laughed and walked off without telling Brown his name. On Saturday, October 29th, 1927, Brown's store was burglarized and merchandise of the approximate value of $250.00 taken therefrom. About one hundred dollars worth of the property was recovered after appellant and Horton had been arrested. The arrest of appellant and Horton was made about the 20th of November, 1927. A large quantity of stolen goods was found in the residences of said parties. Some of the articles taken from Brown's store were found in appellant's residence and some in Horton's residence. Brown identified some property as belonging to him. Other parties identified other articles, not claimed by Brown, as having been taken from their possession. While Brown was at the police station in Houston identifying his property, Horton took off a pair of trousers he was wearing and delivered them to Brown. The trousers belonged to Brown. Horton also showed Brown other articles that had been taken from his (Brown's) store. Horton testified that he and appellant purchased the articles claimed by Brown from a man by the name of Bill Smith for $38.00. He said that he and appellant had a conversation with Smith relative to the purchase of the goods near his (Horton's) house. Horton further stated that he and appellant divided the goods "fifty-fifty." Appellant testifying in his own behalf also claimed that he and Horton bought the goods claimed by Brown from Smith. Appellant and Horton were unable to account for the whereabouts of Smith at the time of the trial. Appellant further offered testimony to the effect that he was at another and different place at the time the burglary was committed. It is disclosed by the record that appellant had been indicted in Texas and other states on numerous occasions for various offenses, including burglary and theft.

It is shown by bill of exception Number 1 that after appellant and Horton had been placed under arrest and lodged in jail, Horton picked out several objects lying on the table in the police station and stated to Brown that they belonged to him (Brown), and that he (Horton) had on a pair of trousers that belonged to Brown. Appellant objected to all of said testimony on the ground that he and Horton were under arrest at the time the statements were made and that the provisions of Article 727 C. C. P., relating to confessions, had not been complied with. It was permissible for the state to show that Horton stated to Brown that the trousers he had on belonged to Brown and that he removed said trousers and delivered them to Brown. Horton was in possession of the stolen trousers. As far as is disclosed by the bill of exception, Horton was for the first time being called upon to explain his possession of the stolen trousers. The explanation of possession of property alleged to be recently stolen, made while the possession lasts, if made when the party is first directly or circumstantially called upon to explain, is a part of the res gestae of possession, and as such is admissible against the accused. Res gestae is independent of, superior to, and cannot be restricted or limited by the rules relating to confessions or admissions made after arrest. Harris v. State, 10 S. W. (2d) 551, and authorities cited. Hence as against the objection interposed by appellant, the testimony relative to the possession of the stolen trousers was properly received. Appellant failed to single out the statements of Horton relative to other articles claimed by Brown, but contented himself with interposing an objection to the entire statement, a part of which was admissible. If Horton's statements as to other stolen articles claimed by Brown were inadmissible against appellant, the reception of such statements does not constitute reversible error, in view of the fact that the bill of exception is insufficient in the particular pointed out. A general objection to testimony, a part of which is admissible, without singling out the inadmissible parts of said testimony, is insufficient. Arredondo v. State, 290 S. W. 1105.

It is shown by bill of exception Number 3 that a witness for the state described numerous articles taken from the home of Horton at the time the search was made. It is stated as a ground of objection that the description of said articles by the witness involved extraneous crimes. The bill of exception is manifestly insufficient. As far as the recitals of the bill are concerned all of the property described by the witness was involved in the transaction for which appellant was being tried. A mere statement of a ground of objec-

tion in a bill of exception is not a certificate of the judge that the·
facts which form the basis of the objection are true; it merely shows
that such an objection was made. Branch's Annotated Penal Code,
Section 209; Buchanan v. State, 298 S. W. 569. Moreover, as
against the objection that an extraneous crime was involved in detail-
ing to the jury the articles mentioned, it may be said that there are
well recognized exceptions to the rule that proof of extraneous crimes
which only shows that the accused is a criminal generally is not
admissible. Nothing is shown in the bill of exception which would
in any manner negative the idea that the testimony complained of
was within one of the recognized exceptions aforesaid. The legal
presumption is that the ruling of the trial court was correct unless
the bill of exception shows otherwise. The rule is announced in
the decisions of this court that a bill of exception should be made so
full and certain in its statements as that in and of itself it will disclose
all that is necessary to manifest the supposed error. Branch's An-
notated Penal Code, Section 207; Enix v. State, 299 S. W. 431.
It is noted that the state relied upon circumstantial evidence. When
it is sought to show the guilt of the accused by circumstantial evi-
dence and proof of another offense connects or tends to connect the
accused with the alleged offense for which he is being tried such
proof is admissible. Williams v. State, 285 S. W. 616. There is
nothing in the bill of exception to show that proof of other offenses
was not admissible under the rule last stated.

The witness mentioned in bill of exception Number 3 read from a
list prepared by another when he detailed to the jury the property
found in Horton's residence. Appellant discovered that the witness
had not prepared the list himself when he cross-examined said wit-
ness. Appellant then moved the court to withdraw said testimony
from the jury on the ground that it was hearsay and inadmissible.
The court overruled the motion. The fact that the memorandum
was made by another would not have precluded the witness from
refreshing his memory, if he remembered having seen said mem-
orandum and knew that it was correct. Underhill's Criminal Evi-
dence, Section 350. The witness in question made the search of
Horton's house and found therein the articles described to the jury.
As far as the facts recited in the bill of exception are concerned, the
witness was merely refreshing his memory by referring to a mem-
orandum made by another which he knew to be correct.

Our discussion of bill of exception Number 3 is applicable to bill
of exception Number 9.

Bill of exception Number 10 contains a general objection to testimony, a part of which is admissible. The inadmissible portion of said testimony was not singled out and the bill is insufficient to manifest error.

We have carefully examined all of appellant's contentions and fail to find reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.