Ed McCall v. The State.

No. 12134. Delivered January 16, 1929.
Rehearing denied May 22, 1929.
Second rehearing denied June 26, 1929.

The opinion states the case.

*F. G. Vaughn* of Beaumont, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for aggravated assault; punishment, a fine of $500.00 and twelve months in the county jail.

It is to be regretted that this record is in such shape that we cannot consider the statement of facts and bills of exception. The appellant's motion for new trial was overruled on April 28, 1928, on which date notice of appeal was given. The trial court on that date made an order granting to appellant ninety days from the adjournment of the court in which to file statement of facts and bills of exception. The court adjourned on May 26, 1928. The statement of facts and bills of exception were filed herein on August 8, 1928. This was too late.

Trial courts are without power to grant longer than ninety days from the day of the overruling of appellant's motion for new trial and the giving of notice of appeal, in which to file statement of facts and bills of exception. Art. 760, Vernon's C. C. P.; Brown v. State, 284 S. W. Rep. 586; Balo v. State, 9 S. W. Rep. (2d) 737; Picarino v. State, 8 S. W. Rep. (2d) 142.

Appellant was indicted for assault to murder and upon trial given the punishment above stated. The indictment appears to be in conformity with law, and is followed by the charge of the court, the verdict and judgment.

No error appearing, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—At a former day of this term this case was affirmed, we holding the statement of facts and bills of exception to have been filed too late. Showing is now made of the fact that said documents were filed with the State's official within plenty

of time and that the failure to have the file mark placed on same within the time allowed by statute was due to the neglect and carelessness of the State authorities. This court does not care to be harsh in its expressions, but attention is again called to the necessity on the part of the State's officers of giving timely and proper attention to aiding in the preparation of papers for appeal in matters where people have been convicted for crime. There would seem little excuse, based on the ground of attention to private matters, which could be given for failure to render proper public service in matters of this kind.

There is no question in this case but that appellant shot deputy sheriff McCurley twice with a pistol in the negro quarters of the town of Deweyville. The State's theory herein was that appellant, a white man, was in said negro quarters for some improper purpose, and upon being informed that officer McCurley was also down there and looking for him, appellant said to let McCurley come, he had a damned good gun and would use it; also that shortly thereafter, as said officer came toward a car in which appellant was, the latter shot twice, inflicting the wounds upon the officer. Appellant claimed that when he fired he thought the officer was a hi-jacker, and that he shot to prevent injury to himself or robbery. The officer denied the use of any weapon, or that he struck appellant before the shooting, but said he had called to the occupants of the car to hold up or hold on, and was walking toward the car and in its light, when he was shot. The man in the car with appellant at the time of the shooting swore to the threat referred to above. Appellant testified that he was in the car and that a man stepped up and struck him with something on the nose, and that he shot at him immediately.

Appellant has a number of bills of exception of which the following is a fair sample: Bill No. 1 sets out that the State's attorney, in his closing argument, said to the jury: "Why was Ed McCall dodging a search warrant in this car?", which was objected to for reasons stated, and that the appellant asked the court to charge the jury not to consider said argument, which charge was refused. We find nothing in such a bill by which we can know that the argument was improper, or that the action of the court in refusing the charge was a violation of the rights of appellant. The uniform holding of this court from the very beginning has been that there must be such showing in the bill itself as to make evident the error complained of. Massey v. State, 1 Texas Crim. App. 563; Robinson v. State, 3 Texas Crim. Rep. 256; Swift v. State, 8 Texas Crim. App. 616;

Walker v. State, 9 Texas Crim. App. 200; Wright v. State, 10 Texas Crim. App. 476; Ballinger v. State, 11 Texas Crim. App. 323; Eldridge v. State, 12 Texas App. 208; Lewis v. State, 15 Texas Crim. App. 647; Cooksie v. State, 26 Texas Crim. App. 72; Thompson v. State, 29 Texas Crim. App. 208; Quintana v. State, 29 Texas Crim. App. 401; Hooper v. State, 29 Texas Crim. App. 614. As said by Judge Davidson in the case last cited:

"Bills of exception must be so full and certain in their statements that in and of themselves they will disclose all that is necessary to manifest the supposed error. Eldridge v. The State, 12 Texas App. 208; Davis v. The State, 14 Texas Ct. App. 645; Walker v. The State, 9 Texas Ct. App. 200; Henning v. The State, 24 Texas Ct. App. 315."

The trial court had before him the facts, the parties and their counsel. He ruled with these all in view, and every presumption is in favor of the correctness of his ruling, and unless from the recitals of the bill itself the appellate court is shown that such ruling was wrong, same will be upheld. To merely quote a line or two from an argument and give no setting thereof or its surroundings or antecedents, nothing refuting the inference that the trial court knew or believed same to be proper,—leaves this court no option but to uphold the action of the court below. Of like character are bills Nos. 2, 3, 4, 5, 7, 8, 9 and 12.

There is no evidence in this case raising any theory that appellant shot because of an act of, or the presence of Mr. Talbert, and bill of exceptions No. 6, which presents exceptions to the court's charge for failure to submit appellant's right to defend against danger from the acts of both Talbert and McCurley, shows no error. Appellant made no claim that he shot because of any act of Talbert.

Appellant sought to show by witness Perkins what impression was created on his mind by the coming up of Mr. McCurley to the car of appellant immediately before the shooting. If cases in the courts could be tried upon impressions of bystanders, the flood gates would indeed be opened wide.

McCurley and Talbert were officers, but the record is barren of facts in any way raising the proposition that they or either of them was attempting to arrest appellant or search the car he was in at the time of the shooting,—hence the special charge whose refusal is complained of in bill of exceptions No. 11, was properly refused. Appellant said he shot at an unknown assailant who had assaulted him. He averred no purpose of resisting illegal arrest or search by

so shooting. No other evidence supports the theory to which said charge was pertinent. It was properly refused.

Appellant asked a special charge in effect that if the jury found that McCurley was armed and was advancing upon defendant in a threatening manner, the law presumes that McCurley was attempting to kill defendant. We think the form of said charge not in accord with the provisions of Art. 1223 P. C.; also that it in no way fits the facts of this case. McCurley was an officer and did have a pistol on his person at the time he was shot, and it appears he said he did not know whether he had it in his hand as he went toward the car occupied by appellant and Perkins or not; but he did say he did not know who the parties in the car were, and has no sort of ill-feeling toward appellant, and made no attack of any kind upon him, or any threatening gesture. Perkins swore he could not tell whether McCurley had anything in his hand as he approached their car, that he did not see the bulk of anything in McCurley's hand. Talbert testified he was with McCurley on the occasion referred to; was some seven or eight feet from him when the shooting took place, at which time McCurley was five or six feet from the car occupied by appellant. Talbert said his pistol was in its scabbard, and he saw nothing in McCurley's hand. Both McCurley and Talbert said McCurley was approaching the car in its lights which were shining on him. Appellant testified that he thought McCurley had a pistol because he was hit by something in the face, and thought it was a pistol, but he did not claim that in appearance or fact McCurley was advancing on him armed with a deadly weapon with any intention apparent or otherwise of making an assault upon him which might have taken his life or resulted in serious bodily injury.

The court told the jury in his charge that appellant had the right to act upon a reasonable apprehension of danger of death, robbery or serious bodily injury, in determining which, the situation must be viewed from the standpoint of the defendant; that appellant had as much right to act upon apparent as real danger; also if they found that appellant acting upon danger or appearances of danger shot McCurley in order to protect his life or himself from serious bodily injury, or from robbery or attempted robbery, they should acquit. This, under the facts, we believe fully protected the rights of appellant.

Finding no error in the record, the motion for rehearing will be overruled.

*Overruled.*

ON APPLICATION FOR LEAVE TO FILE SECOND MOTION FOR
REHEARING.

When this case was originally before us it was affirmed without consideration of the bills of exception, they not appearing to have been filed within the time required by the statute. On motion for rehearing it was made to appear that the delay in filing them was not attributable to appellant or his counsel and they were then considered and the judgment affirmed. While the present motion comes in the form of a second motion, it is in fact a first motion in so far as it complains at the disposition of the case on its merits, and we are not inclined to apply the same strict rule as is ordinarily enforced against second motions for rehearing.

Among other things, appellant insists that the court was in error in disposing of his complaint for the refusal of his special charge regarding the presumption from the use of a deadly weapon. We have examined the many cases to which we were referred and have no doubt of the correctness of the legal principle announced, nor of its application in those cases. However, a careful analysis of the facts in the present case confirms our original opinion that the issue presented in the special charge was not raised by the evidence.

The other point urged in the motion now before us relates to complaint of the argument of the district attorney in two particulars. That complained of in bill of exception number two does not appear to be of such character as to demand discussion.

The other argument is brought forward in bill of exception number five, and is as follows:

"If you convict the defendant he has a right to appeal and review the judgment of the court."

Objection was urged at the time said argument was made and a requested special charge directing the jury to disregard it was refused. It will be observed that the bill gives this court no information as to the point being stressed by the district attorney at the time the language complained of was used. Supporting his contention that the argument was unwarranted and prejudicial appellant refers us to Crow v. State, 33 Tex. Cr. R. 264 and Brazell v. State, 33 Tex. Cr. R. 333. The arguments in those two cases went much further than in the present case. They, in effect urged the jury to convict on the ground that the state could not appeal if there was an acquittal, but that if the jury made a mistake and convicted an innocent man the appellate court would correct the error. The argument reflected in those cases was especially vicious and was

severely condemned and a reversal properly ordered by reason thereof. If anything was said in the argument in the present case further than as quoted the bill does not reveal it. The statement should not have been made by the district attorney, but doubtless before it was made every man on the jury knew that if appellant was convicted he could obtain a review of his case. In Vineyard v. State, 96 Tex. Cr. R. 401, 257 S. W. 548; this court said:

"We think the only safe rule to be that this court should not hold an argument to be reversible error unless it is in extreme cases where the language complained of is manifestly improper, harmful, and prejudicial, or where a mandatory provision of the statute is violated, or some new and harmful fact injected into the case. Stanchel v. State, 89 Tex. Cr. R. 358, 231 S. W. 120; Henderson v. State, 76 Tex. Cr. R. 66, 172 S. W. 793; Bowlin v. State (No. 6418) 93 Tex. Cr. R. 452, 248 S. W. 396, opinion November 1, 1922."

In the opinion on rehearing in the same case Judge Morrow said:

"In deciding whether the argument is of a nature demanding a reversal of the judgment, the language used is not alone the test. The evidence and the verdict must be considered. Hart v. State, 57 Tex. Cr. R. 21, 121 S. W. 508; Davis v. State, 48 Tex. Cr. R. 644, 89 S. W. 978, 122 Am. St. Rep. 775; Borrer v. State, 83 Tex. Cr. R. 199, 204 S. W. 1003."

While not indorsing the argument complained of and believing the court should have instructed the jury to disregard it, yet applying the rule referred to in Vineyard's case, we are not of opinion under the facts of the present case and in view of the verdict convicting appellant only of aggravated assault that we would be justified in reversing because of such argument.

Appellant's second motion for rehearing is denied.

*Motion denied.*