FRANK PRESTON v. THE STATE.

No. 14052.   Delivered March 11, 1931.

The opinion states the case.

*Thos. C. Turnley,* of Galveston, for appellant.

*O'Brien Stevens,* Crim. Dist. Atty., and *E. T. Branch,* both of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The appellant was convicted in the District Court of Harris County for failure to stop and render aid to a person struck by an automobile which appellant was driving, and his punishment assessed at three years in the penitentiary.

The State's evidence shows that on or about the 29th day of January, 1930, one George Rodriquez, while crossing a street in the City of Houston, was struck by an automobile driven by appellant and carried or dragged something like 200 feet. It further shows that appellant was requested and "hollered" at to stop and was told that he had a man under his car, but that he did not stop. The State's evidence further shows that as soon as the man fell loose from the car, appellant stepped on the gas and went on at a rapid rate of speed. The injured man was taken to a hospital where he stayed about one month on account of such injuries. The appellant denied that he had any collision with anyone at the time mentioned and also offered evidence seeking to establish an alibi.

Appellant presents two bills of exception. Bill of exception No. 1 complains that while the State's witness, J. E. Davis, was on the witness stand he was asked by the State's attorney whether several days after the alleged offense was committed and appellant was out on bond he had heard the appellant make threats to kill and injure a man named Rogers, to all of which testimony the appellant objected on the following grounds: That said testimony was irrelevant and immaterial and not admissible and was not part of the res gestae of the case. The bill itself fails to show what testimony was given, or that any testimony was given. The qualification to said bill sets out what testimony witness gave but there is no explanation which would show that the testimony given was irrelevant and immaterial and not admissible and merely presents a general objection. The further objection that the testimony was not part of the res gestae of the case is shown by the bill to be true, but this fact alone does not render the testimony inadmissible for the reason that the bill shows the declaration of appellant admitted in evidence was made by appellant while he was out on bond and the bill of exception fails to show that any objection was made to the testimony and therefore in our opinion this bill does not set out sufficient facts to show that error was committed in the matter complained of. This court has repeatedly held that a bill of exception must itself show or

make manifest the error complained of and must be so full and certain in its statements as that in and of itself it will disclose all that is necessary to manifest the error complained of. McCall v. State, 113 Texas Crim. Rep., 62, 18 S. W. (2d) 172; Black v. State, 111 Texas Crim. Rep., 372, 13 S. W. (2d) 100; Shelburne v. State, 111 Texas Crim. Rep., 182, 11 S. W. (2d) 519; Salinas v. State, 113 Texas Crim. Rep., 142, 18 S. W. (2d) 663; Fisher v. State, 108 Texas Crim. Rep., 404, 1 S. W. (2d) 318.

Appellant's bill of exception No. 2 attempts to bring forward for review all the matters set up as grounds for a new trial in appellant's amended motion therefor. The said motion contains seven different alleged grounds of error, no one of which was preserved by a separate bill of exception. There is no certificate of the trial judge that the contentions of the appellant are in fact true. The verification simply shows that such contentions were made. Nothing is presented by this bill for review, as it merely brings forward the supposed error in overruling the motion for new trial, which is based upon numerous grounds. Moore v. State, 111 Texas Crim. Rep., 63, 11 S. W. (2d) 322; Simpson v. State, 110 Texas Crim. Rep., 399, 10 S. W. (2d) 567; Cuellar v. State, 110 Texas Crim. Rep., 47, 7 S. W. (2d) 565.

The facts, although disputed, being sufficient to support the verdict, and no reversible error appearing, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.