## C. A. PARKER V. THE STATE.

No. 15837. Delivered April 19, 1933.
On Motion to Reinstate Appeal, June 7, 1933.
On Rehearing November 8, 1933.
Reported in 64 S. W. (2d) 786.

The opinion states the case.

*E. A. Martin* and *Clyde F. Winn,* both of Longview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is conspiracy to commit theft; the punishment, confinement in the penitentiary for two years.

The record contains no such notice of appeal as will confer jurisdiction upon this court. The transcript shows a "docket entry" of a notice of appeal, but, if this was ever carried into the court minutes, it is not so shown. Casey v. State, 32 S. W. (2d) 461, and authorities cited.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION TO REINSTATE APPEAL.

MORROW, PRESIDING JUDGE.—Because no sufficient notice

of appeal was brought up with the transcript, the appeal was dismissed on April 9, 1933. It appeared upon the original hearing that notice of appeal had been given and transcribed in the memorandum of the judge's trial docket, but not carried into the minutes. Notice of appeal having been carried into the minutes in a proceeding *nunc pro tunc* by a proper procedure, this court now has jurisdiction of the appeal. By agreement, the original transcript is to be supplemented by an additional transcript showing notice of appeal which is to be given consideration.

It appears that the term of court at which the trial took place adjourned on November 5, 1932. The motion for new trial was overruled on September 28, 1932, and notice of appeal given upon the same day. The statement of facts before this court was filed in the court below on December 29, 1932, and the bills of exception were filed upon the same day. By statute, article 760, subd. 5, C. C. P., 1925, this court is precluded from considering a statement of facts and bills of exception filed at a time exceeding ninety days from the date notice of appeal was given and the overruling of the motion for new trial. Recognition of the binding force of this rule upon this court has been affirmed many times. See Vernon's Ann. Tex., C. C. P., 1925, vol. 3, p. 115; Hill v. State, 92 Texas Crim. Rep., 58; Woolridge v. State, 91 Texas Crim. Rep., 430. See, also, 1932 Cumulative Annual Pocket Supplement, to Vernon's Ann. C. C. P., vol. 3, p. 24, in which many decisions are collated affirming the binding force of the rule upon the litigants and this court. That is to say, the consideration of a statement of facts filed more than ninety days after motion for new trial is overruled is forbidden by the statute in the absence of some special circumstance set up and proved which would make an exception to the rule. See McCall v. State, 113 Texas Crim. Rep., 62; Hopson v. State, 113 Texas Crim. Rep., 261; Wiggs v. State, 36 S. W. (2d) 765; Luttrell v. State, 48 S. W. (2d) 268; Kinard v. State, 56 S. W. (2d) 873; O'Burke v. State, 58 S. W. (2d) 111. With equal force, the statute forbids the consideration of the bills of exception. This is illustrated by the precedents cited. For the reasons stated, the statement of facts cannot be considered.

There are two bills of exception in the record, both of which were filed too late to warrant consideration.

The indictment appears regular and properly presented. No matters have been brought to our attention or perceived which would authorize an annulment of the judgment in the absence

of the statement of facts and bills of exception, the contents of which, as above stated, are not available to the court.

For the reasons stated, we are constrained to reinstate the appeal, to recall the mandate previously issued, and to order an affirmance of the judgment, which is accordingly done.

*Affirmed.*

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—Since the affirmance of the judgment herein it has been properly shown by supplemental transcript that the statement of facts and bills of exception were filed within the time required by law. Hence the case will be considered on its merits.

The proof on the part of the state was to the effect that appellant and the other parties named in the indictment conspired to steal from John Handy 200 barrels of crude petroleum oil, of the value of $196. It appears from the state's testimony that appellant and others were discovered in the act of taking the oil. The state introduced in evidence appellant's confession, in which he stated that he had been employed to haul the oil by Ben Ray and Crawford Still, they agreeing to give him twenty-two cents a barrel for his services. The confession embraces a statement that he knew at the time that it was "stolen oil."

Testifying in his own behalf, appellant admitted that he had made a contract with the parties named in his confession to haul the oil, but declared that he did not know whose oil it was, but believed that there was nothing dishonest involved in the transaction. He said that it was his business to haul oil and that he was interested in securing the employment. We quote from his testimony: "They told me the oil was all right and a man was there to sign the tickets at the time. * * * I did not at that time know whose oil it was, but I figured that it was all right." Touching his action in signing the confession, appellant testified that a representative of the Railroad Commission and Charlie Gant, a deputy sheriff, induced him to make the confession by promising him that if he would state the facts concerning the transaction they would get him out of his trouble. He said that Deputy Sheriff Gant told him that his codefendants had signed statements, and that if he would do likewise he would be released. Appellant denied that he made the statement embraced in the confession to the effect that he knew that the oil had been stolen.

The court instructed the jury, in effect, to acquit appellant if they believed he did not know that the oil was stolen. Further,

the court submitted to the jury the issue as to whether the confession was voluntary.

In bill of exception No. 1 it is recited that in his closing argument the district attorney used language as follows:

"I know Charlie Gant, and he is a good man, and as good an officer as there is in Gregg County, and he would not overpersuade any prisoner to make a statement or confession."

It is certified in the bill that the evidence had raised an issue as to the confession having been obtained by overpersuasion after certain promises had been made by Charlie Gant; and, further, no evidence had been introduced with reference to the "character or reputation" of Gant.

In bill of exception No. 2 it is certified that appellant filed his affidavit for severance requesting that his codefendant, McCowan, be tried first; that the district attorney thereupon dismissed the case against McCowan; that there was no evidence introduced before the jury with reference to the affidavit for severance; that there was no evidence before the jury that the district attorney had dismissed the case against McCowan upon the filing of the affidavit. Further, it is shown in the bill of exception that in his closing argument the district attorney used language as follows:

"The defendant makes affidavit for a severance, and charges in said affidavit there was not evidence to convict the defendant, H. H. McCowan, and wanted McCowan tried first in the event he was acquitted the defendant could use the said McCowan as a witness in his behalf on the trial of this case. I then, with permission of the court, dismissed McCowan's case, and we started on the trial of this case, and McCowan has sat here in the courtroom all evening and the defendant never put him on the witness stand."

It appears that the argument was objected to on the ground that it was the unsworn testimony of the district attorney. As to the two arguments above quoted, appellant presented to the court his written requested instruction, wherein the jury would have been advised that the remarks of the district attorney could not be considered for any purpose. The objection to the argument was overruled, and the court declined to submit to the jury the requested instructions.

The opinion is expressed that the bills of exception manifest reversible error. The first argument was, in effect, the unsworn testimony of the district attorney that the deputy sheriff was not the kind of a man who would in any manner coerce an accused to make a confession; and, further, that his reputation for truth and veracity was above reproach. Thus, on the issue

as to whether the confession was voluntary, the district attorney gave unsworn testimony to the effect that the deputy sheriff in question had not prevailed upon appellant to make a confession by promising him that he would be released. Similar language was used in Thomas v. State, 6 S. W. (2d) 118. In that case, in Opinion on Motion for Rehearing, Judge Lattimore used language as follows: "As we view the matter, the statement in argument set out in the original opinion in this case had the effect of placing the district attorney, as a witness to the good character and reputation of said state witness, alongside the other witnesses introduced by the state in rebuttal." Also, the second argument above set forth had no support in the evidence. It advised the jury that appellant had, in making the application for severance, sought the testimony of his codefendant, and that the witness, although then available, had not been used by appellant. The imputation carried in these unsupported statements was that the codefendant would give testimony damaging to appellant. See Pendleton v. State, 26 S. W. (2d) 240; Davis v. State, 28 S. W. (2d) 168; Reed v. State, 36 S. W. (2d) 526; Ayres v. State, 27 S. W. (2d) 540.

The motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment of the trial court is now reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.