## CLYDE PORTER V. THE STATE.

No. 18643. Delivered January 13, 1937.

520

The opinion states the case.

*Charles J. Lieck*, of San Antonio, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of theft of property over the value of fifty dollars, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

Appellant presents a great number of bills of exception and objections to the court's charge. We will discuss only those which appellant most earnestly contends reflect reversible error.

By bills of exception numbers one and two appellant complains of the action of the trial court in declining to instruct the jury to return a verdict of not guilty on the ground that there was no evidence that the cases or boxes which were alleged to have been stolen from the depot of the T. & N. O. Railway Company contained any cigarettes. Mr. Park, an employee of Housler-Kilian Cigar Company, testified that he ordered from Liggett & Myers Tobacco Company sixteen cases of Chesterfield cigarettes. Mr. Gallacher, agent of the T. & N. O. Railway Company testified that on the morning of September 7, 1935, at about 9:20 a. m. he unloaded sixteen boxes or cases labeled Chesterfied cigarettes from a railway car and stacked them in the depot near the door; that said boxes or cases were consigned to the Housler-Kilian Cigar Company. Lupe Garcia testified that she lived across the street from the depot of the T. & N. O. Railway Company; that on the morning of September 7, 1935, the appellant and two other men drove up to the depot in an automobile, took from the depot several boxes, placed them in the automobile and drove away (she described the boxes which were taken from the depot); that soon thereafter she informed the agent of the railway company of what she had observed. The agent after receiving this information rechecked the boxes labeled Chesterfield cigarettes and found that seven were missing. Mr. Cleveland testified that he was a special agent for the T. & N. O. Railway Company; that during the first part of January, 1936, appellant came to his office and wanted to know of him, if the T. & N. O. Railway Company would agree to have the case against him dismissed if he paid for the cigarettes which had been stolen from the depot on September 7, 1935. It occurs to us that the facts and circumstances proven as above out-

lined were sufficient upon which the jury could reasonably base a verdict of guilty. Hence it was not error for the trial court to overrule appellant's motion for an instructed verdict.

By bill of exception number twenty-three appellant complains of the action of the trial court in declining to permit him on cross-examination of the witness Sowell, a special agent of the T. & N. O. Railway Company, to prove that he and other officers whipped, beat and bruised appellant on their return trip from Floresville to San Antonio for the purpose of showing prejudice on the part of the witness against the accused. The bill discloses that the court in the absence of the jury gave the appellant full rein to see what he could develop along the line contended for by him. He failed, however, to show that Sowell whipped or in any way mistreated appellant or that he saw any of the officers do so. Hence the bill fails to disclose such facts as would show prejudice. See Davis v. State, 73 Texas Crim. Rep., 49. We are not holding, however, and do not wish to be understood as holding that it is not permissible to show bias or prejudice on the part of a witness who gives material testimony against a defendant.

Appellant also contends that the court erred in declining to instruct the jury on the law of circumstantial evidence. If the case rested alone on circumstantial evidence, this contention would be correct. But in this case the defendant was positively identified by Lupe Garcia as one of the men who entered the depot and took therefrom a number of boxes and cases. In the case of Jones v. State, 31 Texas Crim. Rep., 177, this court held that if there is direct testimony from any source that the defendant committed the offense for which he is being tried, the case does not rest upon circumstantial evidence and a charge on the law of circumstantial evidence is not required. See, also, Rodgers v. State, 36 Texas Crim. Rep., 563.

By several bills of exception appellant complains of the closing argument of the district attorney and more particularly of the following:

"We say to you that D. Porter, a brother of this defendant, originally charged with the same offense; the defendant applied and it is in the records here of this case that D. Porter be tried first because his evidence was material to the defense, whereupon the State of Texas saw fit to enter a dismissal as to D. Porter to the end that his testimony would be avaiable to the defendant."

To which defendant objected because the same was outside of the record and not based upon any testimony. Whereupon

the district attorney made the further argument:

"It was dismissed to the end that the rule of law you have raised that he would not be competent to testify for the defendant, so long as his case was pending, and the State of Texas saw fit to dismiss as to D. Porter that he might be a competent witness for the defendant, and you did not produce him."

To which appellant again objected for the same reason above stated.

It appears from the record that appellant and D. Porter were separately indicted for the offense. Appellant at the proper time filed a motion for severance and asked that D. Porter be put on trial first because he was of the opinion that there was not sufficient testimony upon which to convict him, and in the event of his acquittal, he desired to use him as a witness, insasmuch as his testimony was believed to be material to appellant's defense. The severance was granted and the case against D. Porter was dismissed. The proceeding was had in the absence of the jury and before a jury had been selected and no proof thereof was offered during the trial. Hence the argument of the district attorney was not based upon any testimony, and, therefore unjustified and prejudicial. It informed the jury that appellant, in making the application for severance, sought the testimony of his co-defendant; that although he was available as a witness, he had not been used by appellant. In the case of Parker v. State, 64 S. W. (2d) 786, this court reversed the case upon a similar question as the one presented here. In disposing of that case we said, "The imputation carried in these unsupported statements was that the co-defendant would give testimony damaging to appellant."

For the error hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.